IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHELIA RAGLAND, AS THE ADMINISTRATRIX
OF THE ESTATE OF MARIO CLARK, DECEASED,
AND ON BEHALF OF THE WRONGFUL
DEATH HEIRS OF MARIO CLARK, DECEASED          PLAINTIFF

VS.                            CIVIL ACTION NO. 3:22-cv-69-DPJ-FKB

CITY OF JACKSON, JAMES DAVIS, In his Individual and Official Capacity,
ANTHONY THOMPSON, In his Individual Capacity,
DARRELL ROBINSON, In his Individual Capacity,
DARRELL MCDUFFIE, In his Individual Capacity,
and ENEKE SMITH, In her Individual and Official Capacity,
and JOHN DOES 1-4                              DEFENDANTS

**COMPLAINT**
**(Jury Trial Demanded)**

**COMES NOW**, Shelia Ragland, as the Administratrix of the Estate of Mario Clark, Deceased, and on behalf of the wrongful death heirs of Mario Clark, Deceased, and files this her Complaint against the City of Jackson, Jackson Police Chief James Davis, Jackson Police Department Officers Anthony Thompson, Darrell Robinson, Darrell McDuffie, Eneke Smith and John Does 1-5. At all times pertinent to the acts and omissions alleged in this Complaint for damages, the defendants caused the death of Mario Clark by acting intentionally, maliciously, and with reckless indifference to the federally protected rights of Mario Clark. The Defendants' unlawful practices and policies and the effects of those practices and policies on Mario Clark, Deceased, are fully explained below.

## PARTIES

1.     Shelia Ragland is a citizen of the United States, the State of Mississippi, and a resident of Hinds County, Mississippi.  Shelia Ragland is authorized to institute this wrongful death action pursuant to Miss. Code Ann. § 11-7-13 (1972, As Amended).  This Complaint is brought pursuant to Title 42 U.S.C. § 1983.

2.     Defendant, the City of Jackson, is a political subdivision of the State of Mississippi.  The City of Jackson may be served with process by serving a copy of the Summons and Complaint upon Chokwe Antar Lumumba, Mayor of the City of Jackson, at 219 S. President Street, Jackson, Mississippi 39201.  At all times mentioned in this Complaint, the City of Jackson was and is a municipal corporation under the laws of the State of Mississippi.

3.     At all times relevant to this civil action, James Davis was the police chief of the City of Jackson, Mississippi.   James Davis may be served with process at his place of employment, 327 E. Pascagoula St., Jackson, Ms. 39201.

4.     At all times relevant to this civil action, Anthony Thompson was an officer with the Jackson Police Department.  Anthony Thompson may be served with process at his place of employment at 327 E. Pascagoula St., Jackson, Ms. 39201 or wherever he may be found.

5.     At all times relevant to this civil action, Darrell Robinson was an officer with the Jackson Police Department.  Darrell Robinson may be served with process at his place of employment at 327 E. Pascagoula St., Jackson, Ms. 39201 or wherever he may be found.

6. At all times relevant to this civil action, Darrell McDuffie was an officer with the Jackson Police Department. Darrell McDuffie may be served with process at his place of employment or wherever he may be found.

7. At all times relevant to this civil action, Eneke Smith was a former Jackson Police Department sergeant. Eneke Smith may be served with service of process wherever she may be found.

8. At all times relevant to this civil action, John Doe Defendants 1-5 were and are employees of the Jackson Police Department and/or others who directly participated in the acts and omissions which caused the death of Mario Clark, Deceased. At the time of the filing of the instant complaint for damages, the true and correct names and whereabouts of John Doe Defendants 1-5 are unknown to the Plaintiff. Shelia Ragland reserves the right to substitute those persons as parties as their names and whereabouts become known to her.

## JURISDICTION

9. This action arises under the Fourth and Fourteenth Amendments of the United States Constitution and Title 42 U.S.C. §§ 1983 and 1988.

10. This Court has jurisdiction over these claims pursuant to Title 28 U.S.C. §§ 1331 and 1343.

## VENUE

11. Venue is proper pursuant to Title 28 U.S.C. § 1391(b)(1) and (2) in that the Defendants reside in the Southern District of Mississippi, Northern Division and/or a substantial part of the events giving rise to this wrongful death action occurred in the Southern District of Mississippi, Northern Division.

## STATEMENT OF FACTS

12. On February 14, 2019, James Kidd called 911 to request law enforcement assistance at 2738 Pinedale Street. While James Kidd was speaking to the 911 dispatcher, Shelia Ragland took the telephone and told the 911 dispatcher that Mario Clark needed help but she did not want law enforcement officials to beat him upon when they arrived.

13. The 911 dispatcher told Shelia Ragland she could not vouch for the conduct of law enforcement officials. Shelia Ragland explained to the dispatcher that Mario Clark had a history of mental illness and that he may be under the influence of drugs.

14. Officer Anthony Thompson was the first JPD officer to arrive on the scene. Officer Anthony Thompson did not have any training in resolving crisis situations when dealing with individuals suffering from mental illness. Officer Anthony Thompson confronted Mario Clark and told him he would knock all of his teeth out. Shelia Ragland told Anthony Thompson and the other officers on the scene that Mario Clark had a history of mental illness and that she thought he was under the influence of a controlled substance.

15. After being threatened by Officer Anthony Thompson, Mario Clark, entered his residence at 2738 Pinedale Street.

16. Shortly thereafter, Shelia Ragland entered the residence. After entering her residence, Sheila Ragland exited the residence and told the officers that there was an altercation between Mario Clark and James Kidd.

17. Officers Anthony Thompson, Darrell Robinson, and Darrell McDuffie entered the residence as Mario Clark was getting off of James Kidd who was on the living room

floor. Before Mario Clark could stand up, officers Anthony Thompson, Darrell Robinson and Darrell McDuffie tackled Mario Clark to the couch where they handcuffed his hands and feet and then attached then to each other. During this process, officers Anthony Thompson, Darrell Robinson and Darrell McDuffie used their batons to beating Mario Clark and pushed him into the living room floor in a face-down prone position.

18. Officers Anthony Thompson, Darrell Robinson, and Darrell McDuffie continued to beat Mario Clark while one of the officers placed his knee in Mario Clark's back and applied pressure.

19. While Mario Clark was being unlawfully restrained and beaten, Sergeant Eneke Smith arrived on the scene. Sergeant Eneke Smith did nothing to stop officers Anthony Thompson, Darrell Robinson and Darrell McDuffie from beating Mario Clark.

20. Mario Clark never threatened Anthony Thompson, Darrell Robinson, Darrell McDuffie, Eneke Smith and/or any other Jackson Police Department officers.

21. Mario Clark did not resist being handcuffed by Anthony Thompson, Darrell Robinson, and Darrell McDuffie.

22. Mario Clark did not attempt to flee from Anthony Thompson, Darrell Robinson, Darrell McDuffie, Eneke Smith or any other Jackson Police officers.

23. Mario Clark did not hit or fight Anthony Thompson, Darrell Robinson, Darrell McDuffie, Eneke Smith or any other Jackson Police Department officers.

24. Mario Clark did not use a weapon to threaten or assault Anthony Thompson, Darrell Robinson, Darrell McDuffie, Eneke Smith or any other Jackson Police Department officers.

25. American Medical Rescue eventually arrived on the scene. As Mario Clark was being transported to the ambulance by American Medical Response employees, the emergency medical technicians noticed Mario Clark was not breathing.

26. Mario Clark was transported to Central Mississippi Medical Center on February 15, 2019. Mario Clark was pronounced dead on February 20, 2019 at 00:45 hours. According to the Mississippi State Medical Examiner's Office, "blunt force injuries with probable asphyxia component" caused the death of Mario Clark. Mario Clark's manner of death is "homicide" according to the Mississippi State Medical Examiner's Office.

27. And all times pertinent herein, the Defendants were acting under color of laws and regulations of the State of Mississippi. In addition to the above-described actions and in a manner which shocks the conscience, the defendants subjected Mario Clark to excessive force.

28. At all times pertinent to this Complaint, Defendants, the City of Jackson, Mississippi and Chief James Davis had an unwritten policy and custom in place that enabled its agents and employees to subject citizens to excessive force and to act with deliberate reckless and callous indifference to the constitutional rights of citizens including Mario Clark.

29. At all times pertinent to this complaint, defendants the City of Jackson, Mississippi and Chief James Davis have known about the unwritten policy and custom of subjecting citizens to excessive force and yet have been deliberately indifferent to the pervasive Fourth and Fourteenth Amendment violations through the use of unconstitutional excessive force by Jackson Police Department officers including but not limited to encounters involving individuals suffering from mental illnesses.

30. The City of Jackson, Mississippi's and Chief James Davis' deliberate indifference to the use of excessive force by Jackson Police Department officers that resulted in Mario Clark's death is demonstrated by their failure (1) to establish rules to govern the procedures Jackson Police Department employees and officers are required to follow when responding to 911 calls involving individuals with mental illnesses who are under the influence of controlled substances; (2) to adequately train dispatchers to send individuals who are trained to de-escalate situations involving individuals suffering from mental illnesses who are under the influence of controlled substances; and (3) to ensure that Jackson Police Department beat officers receive crisis intervention training to equip them to properly handle 911 calls involving citizens with mental illnesses who are under the influence of controlled substances; and (4) to punish or discipline officers, such as the above named defendant officers, for their constitutional violations committed under color of the laws and regulations of the State of Mississippi.

31. Defendant The City of Jackson, Mississippi by and through its inaction and acquiescence in allowing this pervasive policy of sending untrained beat officers to respond to 911 calls involving individuals with mental illnesses and permitting frequent unlawful arrest and detention and seizure of mentally ill citizens when there was no lawful basis for doing so has practically adopted the practice such that the Defendant City of Jackson, Mississippi has adopted the policy of violating the constitutional rights of citizens to include Mario Clark.

32. Anthony Thompson, Darrell Robinson, Darrell McDuffie and Eneke Smith manifested conscious indifference to Mario Clark by holding him face down and applying excessive pressure to Mario Clark's head and back.

33. The excessive pressure applied by Anthony Thompson, Darrell Robinson, and Darrell McDuffie to Mario Clark's back cut off the blood flow to this heart, causing Mario Clark's heart to arrest.

34. Extended and aggressive restraint is excessive force when an arrestee is impaired and non-threatening.

35. Anthony Thompson, Darrell Robinson, and Darrell McDuffie use of excessive force in this instance was clearly unreasonable.

36. Anthony Thompson, Darrell Robinson, Darrell McDuffie and Eneke Smith knew and should have known that the use of excessive force in this instance was unreasonable, and constitutionally excessive.

37. Anthony Thompson, Darrell Robinson, Darrell McDuffie and Eneke Smith violated Mario Clark's Fourteenth Amendment rights.

## NO REASONABLE OFFICER COULD BELIEVE THAT USE OF FORCE WAS JUSTIFIED

38. Anthony Thompson's, Darrell Robinson's, and/or Darrell McDuffie's actions of restraining Mario Clark were malicious and demonstrated a wanton/reckless disregard for Mario Clark's constitutional rights.

39. The Fifth Circuit Court of Appeals has held that certain forms of restraint, like the kind of excessive force used in this case, constitute deadly force which is prohibited by the Fourth Amendment under certain circumstances.

40. Fourth and Fourteenth Amendment jurisprudence has clearly established that police officers cannot use excessive force upon an unarmed suspect who is not showing signs of active resistance.

41.     The force utilized by Anthony Thompson, Darrell Robinson, and/or Darrell McDuffie was excessive, and, therefore, constituted an unreasonable seizure of Mario Clark in violation of the Fourteen Amendments to the United States Constitution.

42.     Anthony Thompson's, Darrell Robinson's, and/or Darrell McDuffie's actions constituted an unlawful deprivation of Mario Clark's liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

48.     Eneke Smith failed to intervene to prevent the unlawful use of deadly and excessive force.

## CAUSES OF ACTION

## EXCESSIVE FORCE AND BYSTANDER LIABILITY

49.     The factual allegations contained in the preceding paragraphs are hereby incorporated and re-alleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

50.     As a direct and proximate result of the above reference unlawful and malicious killing of Mario Clark by the defendants, committed under color of law of the State of Mississippi and under their authority as law enforcement officers of the City of Jackson, Mississippi, Mario Clark was murdered and deprived of his right to be secure in his person against excessive force and unreasonable seizure of his person, freedom from the use of unreasonable, unnecessary, and excessive force, freedom from infringement of rights to substantive due process in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

## 42 U.S.C § 1983 AGAINST INDIVIDUAL DEFENDANTS

51.     The factual allegations contained in the preceding paragraphs are hereby incorporated and re-alleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

52.     The Jackson Police Department and the City of Jackson, by and through its policymakers, had enforced in effect at the time of the conduct complained of in this complaint, a policy, practice or custom of using excessive force in violation of the Fourth Amendment.

53.     The Jackson Police Department and the City of Jackson, by and through its policymakers, failed to ensure through custom, policy and our practice that officers would not use excessive force.

54.     The Jackson Police Department and the City of Jackson, by and through its policymakers, had actual and or constructive notice of such failures to train, supervise and provide policies to its employees such that it was foreseeable that officers would use excessive force against citizens, including Mario Clark, of his constitutional right to be free from excessive force.

55.     But Jackson Police Department and the City of Jackson by and through its policy makers fail to adequately supervise, train or discipline their employees even though it was foreseeable that constitutional violations and harm other type and Mario Clark's case would likely be the result of such failures.

56.     As a direct and proximate result at the forgone policies, failures, practices, our customs, defendants Anthony Thompson, Darrell Robinson, Darrell Mcduffie, Eneke Smith used excessive force against Mario Clark.  Mario Clark suffered conscious

physical, mental, and emotional pain and suffering, incurred medical expenses including all necessary medical and hospital services furnished, loss future earnings, and suffered other economic and non-economic damages recoverable. Mario Clark's right of action for these injuries prior to his death survives in favor of his estate.

57. As a direct and proximate result of the foregoing policies, failures, practices, or customs, defendants Anthony Thompson, Darrell Robinson, Darrell McDuffie, Eneke Smith used excessive force against Mario Clark, Shelia Ragland incurred all damages cognizable as a wrongful death heir including but not limited to, loss of financial support, loss of services, loss of society, loss of companionship, loss of comfort, loss of attention, loss of advice, loss of counsel, loss of economic damages, and funeral expenses. These injuries, damages and other losses continue into the present and will continue into the foreseeable future.

## WRONGFUL DEATH ACTION

58. The factual allegations contained in the preceding paragraphs are hereby incorporated and re-alleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim. As the surviving parent of decedent Mario Clark, Plaintiff Shelia Ragland has an action for wrongful death based on the facts stated above pursuant to MCA § 11-7-13.

## DAMAGES

59. Plaintiffs sustained actual and consequential damages as a direct result of the actions and/or omissions of the Defendant described hereinabove.

60. As a direct and proximate result of Defendants' acts and omissions as heretofore alleged, Mario Clark suffered physical impairment, excruciating pain, mental anguish,

medical treatments, and death. The estate is therefore entitled to recover all reasonable and necessary medical and funeral expenses incurred for the care, treatment and burial of Mario Clark that resulted from the tortious acts of the Defendants. In addition, the Estate of Mario Clark has an action for the injuries suffered, including but not limited to the disfigurement, humiliation, past pain and suffering, mental anguish and physical capacity suffered because of the incident.

61. Furthermore, Plaintiff Shelia Ragland as a parent of the decedent, and the wrongful death heirs of Mario Clark, have suffered Wrongful Death damages for their individual (1) pecuniary loss, (2) mental anguish, (3) loss of companionship and society, and (4) loss of inheritance. Such damages include but are not limited to past and future lost earnings, past and future mental anguish damages, and other actual damages that are determined under trial of the merits.

62. In addition, the foregoing acts were committed with the kind of willfulness, wantonness, fraud, and/or malice for which the law allows imposition of punitive damages against said Defendants. Plaintiffs are therefore entitled to exemplary damages in an amount exceeding the minimum jurisdictional limits of this Court.

## ATTORNEY'S FEES

63. Plaintiff is further entitled to receive her reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

64. Plaintiffs are further entitled to receive pre-judgment and post-judgment interest at the highest interest rate allowable by law.

## JURY DEMAND

65. Plaintiff demands a jury trial.

## PRAYER

Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against the Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, attorneys' fees, together with pre- and post-judgment interest as allowed by law, costs of court, and such other further relief to which the Plaintiffs may be entitle at law or in equity.

**RESPECTFULLY SUBMITTED**, this 12th February 2022.

/s/ Lisa M. Ross
Lisa M. Ross (MSB#9755)
P.O. Box 11264
Jackson, MS. 39283-1264
(601) 981-7900 (telephone)
(601) 981-7917 (facsimile)
lross@lmrossatlaw.com

**ATTORNEY FOR PLAINTIFFS**