# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DISTRICT

SHEILA RAGLAND, AS THE ADMINISTRATIX OF     PLAINTIFFS
THE ESTATE OF MARIO CLARK, DECEASED,
AND ON BEHALF OF THE WRONGFUL DEATH
HEIRS OF MARIO CLARK, DECEASED

VS.     CIVIL ACTION NO.: 3:22-CV-69-DPJ-FKB

CITY OF JACKSON, JAMES DAVIS, ANTHONY     DEFENDANTS
THOMPSON, DARRELL ROBINSON, DARRELL
MCDUFFIE, ENEKE SMITH, In their individual and
Official Capacity, and John Does, 1-4

## CITY OF JACKSON, MISSISSIPPI DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

**COMES NOW**, City of Jackson, Mississippi Defendants[1] (the "City" or "City of Jackson"), by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and other applicable authority, and submits its Answer and Affirmative Defenses to Plaintiffs' Complaint. In support, the City states as follows:

### DEFENDANT'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

The City has not breached any duty owed to Plaintiffs, whether contractual, common law, state, or federal statutory law under any of the counts alleged in this Complaint by Plaintiffs.

---

[1] The term "City of Jackson, Mississippi Defendants" includes municipality of Jackson, Mississippi, James Davis, Anthony Thompson, Darrell Robinson, Darrell McDuffie, Eneke Smith in their individual and official capacities which is tantamount to suing the City itself.

1

### Second Affirmative Defense

The City gives notice that it intends to rely upon such remaining affirmative defenses as may become available or apparent during the course of discovery; thus, the City reserves the right to amend its answer to assert any such defense.

### Third Affirmative Defense

The City reserves all statutory and/or indemnity rights it may have against all others who may have standing in this case or have information or liability whether parties to this action now or become parties pursuant to the Rules of Civil Procedure both state and federal if necessary and/or non-parties.

### Fourth Affirmative Defense

The City denies that any of its actions and/or omissions caused Plaintiffs' harm or special harm for which Plaintiffs seeks to impose liability upon it, whether expressly denied herein or not in Plaintiffs' Complaint.

### Fifth Affirmative Defense

At all times and as to all matters material to Plaintiffs' Complaint, the City and its employees, agents, and remaining servants acted reasonably and in accordance with all applicable laws.

### Sixth Affirmative Defense

Plaintiffs' claims, if any, against the City that may be alleged to have possibly arisen from judicial/administrative inaction of the City, are prohibited by statute, where said allegations claim that City employees were acting within the scope of its employment for the City.

### Seventh Affirmative Defense

The actions of the City regarding Plaintiffs were conducted in good faith.

### Eighth Affirmative Defense

The City has no customs, practices, or policies that caused or contributed to the alleged deprivations, injuries, and/or damages, if any, suffered by the Plaintiffs.

### Ninth Affirmative Defense

The City affirmatively pleads assumption of risk as a bar to Plaintiffs' Complaint.

### Tenth Affirmative Defense

The sole proximate and/or contributing causes of Plaintiffs' damages, if any, were not caused or contributed to by any act or omission of the City, but such damages, if any, were caused and/or contributed to by the acts and/or omissions of others for which the City cannot be held liable.

### Eleventh Affirmative Defense

Any damages sustained by Plaintiffs were solely and proximately caused and/or contributed to by the unforeseeable, intervening or superseding causes and/or other causes attributable to persons, entities or events with respect to which the City had neither control, right to control, duty to control nor any other legal relationship whatsoever.

### Twelfth Affirmative Defense

Without waiving any other affirmative defense, the City affirmatively pleads and alleges that it is not responsible for the intentional acts, if any, by any agents, representatives or employees of the City or any other Defendant toward Plaintiffs and that any alleged intentional acts of any agent, representative or employee of the City and/or any other Defendant, if any, were not reasonably foreseeable by the City.

### Thirteenth Affirmative Defense

The City reserves all statutory and/or indemnity rights it may have against all other whether parties to this action or not.

### Fourteenth Affirmative Defense

All of Plaintiffs' claims against the City are barred by Miss. Code Ann. §11-46-1 *et seq.* (the Mississippi Tort Claims Act, hereinafter referred to as "MTCA").

### Fifteenth Affirmative Defense

Plaintiffs' claims against the City are prohibited by prevailing Federal and State Law and all other applicable defenses as are alleged to have arisen out of the acts, practices, policies or procedures, or omissions of a government entity.

### Sixteenth Affirmative Defense

The City asserts the defenses of sovereign immunity, qualified immunity, and any other immunity available under federal or state law.

### Seventeenth Affirmative Defense

The City assert any and all other defenses available to them under Miss. Code Ann. § 85-5-7 and § 11-1-65.

### Eighteenth Affirmative Defense

Plaintiffs failed to mitigate damages.

### Nineteenth Affirmative Defense

Plaintiffs' claims against the City are prohibited by statute because they have not arisen from alleged failures of the City and its employees to execute or perform a statute, ordinance, or regulation.

### Twentieth Affirmative Defense

At all material times, the City and its employees, agents, and servants used the degree of care required of them under the law and are not liable in damages to Plaintiffs.

### Twenty-First Affirmative Defense

Plaintiffs' claims are specifically barred by Miss. Code Ann. §11-46-9(1)(b).

### **Twenty-Second Affirmative Defense**

Plaintiffs' claims are specifically barred by Miss. Code Ann. §11-46-9(1)(c).

### **Twenty-Third Affirmative Defense**

Plaintiffs' claims of any allegations based on the City's exercise or performance or the failure to exercise or perform a discretionary function or duty are prohibited pursuant to MCTA § 11-46-9 (1)(d).

### **Twenty-Fourth Affirmative Defense**

Plaintiffs' claims are specifically barred by Miss. Code Ann. §11-46-9(1)(f).

### **Twenty-Fifth Affirmative Defense**

Any allegation(s) of capacity, fraud, mistake, and conspiracy, condition of mind, official document or act, judgment, and/or special damages as required by Rule 9 of the Federal Rules of Civil Procedure is barred because Plaintiffs fail to properly plead.

### **Twenty-Sixth Affirmative Defense**

The City asserts any and all other affirmative defenses to which they may be entitled, including indemnification, contributory negligence, comparative negligence, estoppel, fraud, illegality, release, res judicata, collateral estoppel, statute of frauds and waiver.

### **Twenty-Seventh Affirmative Defense**

The City asserts all rights of credit, set off and/or contribution that they may have pursuant to the laws of the State of Mississippi.

### **Twenty-Eighth Affirmative Defense**

The actions or inactions on the part of Plaintiffs were the sole, proximate cause of the incident complained of and the alleged damages sustained by Plaintiffs if any.

### **Twenty-Ninth Affirmative Defense**

An award of compensatory damages, pre-judgment and post-judgment interest, attorney's fees, costs of suit and for such other and further relief against the Defendant is statutorily barred and/or not warranted in this case, pursuant to Mississippi Law, Miss. Code Ann. §11-46-15 in particular.

### **Thirtienth Affirmative Defense**

The City deny each and every allegation in which Plaintiffs seek to impose liability upon them, whether expressly denied herein or not.

### **Thirty-First Affirmative Defense**

Plaintiffs' Complaint is barred by the doctrine of laches and should therefore be dismissed with prejudice.

### **Thirty-Second Affirmative Defense**

Plaintiffs' Complaint is barred by the applicable statute of limitations and should therefore be dismissed with prejudice with all costs assessed against Plaintiffs.

### **Thirty-Third Affirmative Defense**

Plaintiffs' Complaint is barred by the doctrine of waiver, estoppel, res judicata, collateral estoppel, and/or abuse of process and should therefore be dismissed with prejudice with all costs assessed against Plaintiffs.

### **Thirty-Fourth Affirmative Defense**

Plaintiffs' claim for punitive damages are barred by Miss. Code Ann. § 11-46-15(2).

### **Thirty-Fifth Affirmative Defense**

Plaintiffs' claims of negligence, gross negligence, and/or wanton failure in hiring and/or to monitor, train and supervise police officers of the City of Jackson are barred by Miss. Code Ann. §11-46-7(1), and specifically by Mississippi case law precedence of *City*

of *Jackson v. Powell*, 917 So. 2d 59 (Miss. 2005) and *City of Laurel, Mississippi v. Clyde Williams, et al.,* 2009 WL 3857559 (Miss. Nov. 19, 2009).[2]

### Thirty-Sixth Affirmative Defense

Plaintiffs' claims of intentional and/or negligent infliction of emotional distress are specifically barred by Miss. Code Ann. §11-46-9( c ).

### Thirty-Seventh Affirmative Defense

The City has no custom, practice or policy that caused or contributed to the alleged deprivations, injuries and/or damages suffered by Plaintiffs.

### Thirty-Eighth Affirmative Defense

The City of Jackson Defendants hereby gives notice that they intend to rely upon such other and further defenses that may become available or apparent during discovery in this civil action and reserves the right to amend its answer to assert any such defenses.

### Thirty-Ninth Affirmative Defense

Plaintiffs are not entitled to recover punitive damages pursuant to 42 U.S.C.S. § 1983 or official capacity theory against the City of Jackson Defendants, as recovery of such damages against the City, a political subdivision and/or municipality, is prohibited.

### ANSWER

And now, without waiver of any other defense herein, the City responds to the allegations of Plaintiffs' Complaint, specific to the claims against it, paragraph by paragraph as follows:

---

[2] Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference. The plaintiff must generally demonstrate "at least a pattern of similar violations" *Gerald Burge v. St. Tammany Parish*, 336 F. 3d 363, 370 (5th Cir. 2003) quoting *Thompson v Upshur County*, 245 F. 3d 447, 459 (5th Cir. 2001). Furthermore, the inadequacy of training must be obvious and "obviously likely to result in a constitutional violation". *Id*.

The first unnumbered paragraph commencing with the phrase, "COMES NOW…" is introductory, however, to the extent that the first unnumbered, introductory paragraph purports to place liability on the City then the City denies said allegations.

## PARTIES

1. The City is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint and therefore denies the same. To the extent, the Plaintiffs are seeking to impose liability on the City from the allegations contained in Paragraph 1, the City denies the same.

2. Admitted.

3. Admitted. To the extent, the Plaintiffs are seeking to impose liability on the City from the allegations contained in Paragraph 3, the City denies the same.

4. Admitted. To the extent, the Plaintiffs are seeking to impose liability on the City from the allegations contained in Paragraph 4, the City denies the same.

5. Admitted. To the extent, the Plaintiffs are seeking to impose liability on the City from the allegations contained in Paragraph 5, the City denies the same.

6. Admitted. To the extent, the Plaintiffs are seeking to impose liability on the City from the allegations contained in Paragraph 6, the City denies the same.

7. Admitted. To the extent, the Plaintiffs are seeking to impose liability on the City from the allegations contained in Paragraph 7, the City denies the same.

8. The City is without sufficient information to either admit or deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint and therefore denies the same.

## JURISDICTION

9. The City admits that jurisdiction is proper as to the City as alleged in Paragraph 9; however, the City can neither admit nor deny jurisdiction as it relates to any John Doe Defendants and therefore, denies the same. To the extent Plaintiffs purport to impose liability on the City in Paragraph 9, the same is denied.

10. The City admits that jurisdiction is proper as to the City as alleged in Paragraph 10; however, the City can neither admit nor deny jurisdiction as it relates to any John Doe Defendants and therefore, denies the same. To the extent Plaintiffs purport to impose liability on the City in Paragraph 10, the same is denied.

## VENUE

11. The City admits that venue is proper as to the City as alleged in Paragraph 11; however, the City can neither admit nor deny venue as it relates to any John Doe Defendants and therefore, denies the same. To the extent Plaintiffs purport to impose liability on the City in Paragraph 11, the same is denied.

## STATEMENT OF FACTS

12. The City is without sufficient information to either admit or deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint and therefore denies the same.

13. The City is without sufficient information to either admit or deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint and therefore denies the same.

14. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 14.

15. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 15.

16. The City is without sufficient information to either admit or deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint and therefore denies the same.

17. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 17.

18. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 18.

19. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 19.

20. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 20.

21. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 21.

22. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 22.

23. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 23.

24. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 24.

25. The City is without sufficient information to either admit or deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint and therefore denies the same.

26. The City is without sufficient information to either admit or deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint and therefore denies the same.

27. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 27.

28. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 28.

29. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 29.

30. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 30.

31. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 31.

32. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 32.

33. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 33.

34. Without waiving any of its defenses herein, the City admits the allegations contained in Paragraph 34. To the extent Plaintiffs purport to impose liability on the City in Paragraph 34, the same is denied.

35. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 35.

36. Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 36.

37.     Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 37.

### NO REASONABLE OFFICER COULD BELIEVE
### THAT USE OF FORCE WAS JUSTIFIED

38.     Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 38.

39.     Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 39.

40.     Without waiving any of its defenses herein, the City admits the allegations contained in Paragraph 40. To the extent Plaintiffs purport to impose liability on the City in Paragraph 40, the same is denied.

41.     Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 41.

42.     Without waiving any of its defenses herein, the City denies the allegations contained in Paragraph 42.

43.     Without waiving any of its defenses herein, the City denies the allegations contained in the incorrectly numbered Paragraph 48.

### CAUSES OF ACTION

### EXCESSIVE FORCE AND BYSTANDER LIABILITY

44.     The City incorporates by reference its Answers to the allegations contained in the preceding paragraphs as if fully reproduced herein.

45.     Without waiving any of its defenses herein, the City denies the allegations contained in the incorrectly numbered Paragraph 50.

## 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS

46. The City incorporates by reference its Answers to the allegations contained in the preceding paragraphs as if fully reproduced herein.

47. Without waiving any of its defenses herein, the City denies the allegations contained in the incorrectly numbered Paragraph 52.

48. Without waiving any of its defenses herein, the City denies the allegations contained in the incorrectly numbered Paragraph 53.

49. Without waiving any of its defenses herein, the City denies the allegations contained in the incorrectly numbered Paragraph 54.

50. Without waiving any of its defenses herein, the City denies the allegations contained in the incorrectly numbered Paragraph 55.

51. Without waiving any of its defenses herein, the City denies the allegations contained in the incorrectly numbered Paragraph 56.

52. Without waiving any of its defenses herein, the City denies the allegations contained in the incorrectly numbered Paragraph 57.

## WRONGFUL DEATH ACTION

53. The City incorporates by reference its Answers to the allegations contained in the preceding paragraphs as if fully reproduced herein. Without waiving any of its defenses herein, the City denies the allegations beginning with "[a]s the surviving parent…" contained in the incorrectly numbered Paragraph 58.

## DAMAGES

54. Without waiving any of its defenses herein, the City denies the allegations contained in the incorrectly numbered Paragraph 59.

55. Without waiving any of its defenses herein, the City denies the allegations contained in the incorrectly numbered Paragraph 60.

56. Without waiving any of its defenses herein, the City denies the allegations contained in the incorrectly numbered Paragraph 61.

57. Without waiving any of its defenses herein, the City denies the allegations contained in the incorrectly numbered Paragraph 62.

## ATTORNEY'S FEES

58. Without waiving any of its defenses herein, the City denies the allegations contained in the incorrectly numbered Paragraph 63.

59. Without waiving any of its defenses herein, the City denies the allegations contained in the incorrectly numbered Paragraph 64.

## JURY DEMAND

60. Without waiving any of its defenses herein, the City denies the allegations contained in the incorrectly numbered Paragraph 65.

## PRAYER

The City denies the last unnumbered paragraph beginning with "Plaintiffs respectfully pray...."

AND NOW, having fully answered Plaintiffs' Complaint, the City requests that it be dismissed from Plaintiffs' Complaint and that it is awarded attorney's fees, costs and all other appropriate relief.

RESPECTFULLY submitted this the 14th day of April, 2022.

**CITY OF JACKSON, MISSISSIPPI**

By: /s/ Sheridan Carr
Claire Barker, MSB #101312
Special Assistant to the City Attorney

                        Sheridan Carr MSB #106276
                        Deputy City Attorney

**OF COUNSEL:**
**OFFICE OF THE CITY ATTORNEY**
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
Telephone: 601-960-1799
Facsimile: 601-960-1756
*Attorneys for the City of Jackson*

## CERTIFICATE OF SERVICE

I, Sheridan Carr, one of the attorneys for Defendant, do certify that I have this day caused to be served, via electronic filing, a true and correct copy of the above, foregoing CITY OF JACKSON, MISSISSIPPI DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES to the following person(s) of interest:

    Lisa M. Ross
    Post Office Box 11264
    Jackson, Mississippi 39283-1264
    (601) 981-7900
    (601) 981-7917 (facsimile)
    lross@lmrossatlaw.com

So certified, this the 14th day of April 2022.

                        /s/ Sheridan Carr
                        Sheridan Carr