IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHELIA RAGLAND et al.**                                                **PLAINTIFF**

**VS.**                            **CIVIL ACTION NO. 3:22-CV-69-DPJ-FKB**

**CITY OF JACKSON, et al.**                                       **DEFENDANTS**

**DEFENDANT ENEKE SMITH'S ANSWER AND
AFFIRMATIVE DEFENSES IN HIS INDIVIDUAL CAPACITY
TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

COMES NOW Defendant Eneke Smith, in her Individual Capacity, by and through counsel, and in response to the Complaint would answer and defend as follows, to wit:

**FIRST DEFENSE**

This defendant specifically asserts and invokes all the privileges available to her as set forth in *Fed. R. Civ. P.* 12(b)(1)-(7) for which a good faith, legal, and/or factual basis exists or may exist.

**SECOND DEFENSE**

The complaint fails to state facts against this defendant which would rise to the level of a clearly established constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

## THIRD DEFENSE

At all times, this defendant acted reasonably and in good faith relying on the existing law and is therefore entitled to immunity for all claims alleged.

## FOURTH DEFENSE

This defendant fulfilled all legal duties owed by her, if any, to all parties.

## FIFTH DEFENSE

This defendant denies that she has been guilty of any actionable conduct.

## SIXTH DEFENSE

This defendant is entitled to qualified immunity and/or individual statutory immunity in this matter.

## SEVENTH DEFENSE

This defendant specifically asserts and invokes all privileges set forth in the Mississippi Tort Claims Act (MTCA), *Miss. Code. Ann.* §§ 11-46-1 et seq, including but limited to §§ 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, and 11-46-15.

## EIGHTH DEFENSE

This defendant claims the defenses of statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, failure to mitigate, lack of standing, doctrine of unclean hands, and/or estoppel.

## NINTH DEFENSE

This defendant is entitled to any defense provided by *Heck v. Humphrey*, 512, U.S. 477 (1994), as may be applicable.

## TENTH DEFENSE

All alleged actions of the Complaint occurred while this defendant was acting within the course and scope of his employment and his actions were in good faith, without malice, and within the course and scope of his employment.

## ELEVENTH DEFENSE

To the extent applicable, all claims are barred by the *Rooker-Feldmen Doctrine*.

## TWELVTH DEFENSE

Any allegations contained in the Complaint which are not specifically admitted, are hereby denied.

## THIRTEENTH DEFENSE

This defendant alleges that she has met or exceeded the requirements of law and due care and that she is not guilty of any acts or omissions which either caused or contributed to the incident in question.

## FOURTEENTH DEFENSE

This defendant reserves the right to raise and assert any defenses that are appropriate as discovery may reveal and incorporate such herewith by reference to any affirmative defenses invoked by any other defendant as may apply to it.

## FIFTEENTH DEFENSE

This defendant cannot be held responsible as she was only a supervisor of others when this alleged event occurred.

## ANSWER

Now, with respect to all defenses mentioned or otherwise in existence, this defendant answers the Complaint as follows:

- This defendant denies the first paragraph of the complaint which is unnumbered.

## **PARTIES**

1. This defendant is without the knowledge to address this paragraph and in an abundance of caution denies the same.
2. This defendant is without the knowledge to address this paragraph and in an abundance of caution denies the same.
3. This defendant is without the knowledge to address this paragraph and in an abundance of caution denies the same.
4. This defendant is without the knowledge to address this paragraph and in an abundance of caution denies the same.
5. This defendant is without the knowledge to address this paragraph and in an abundance of caution denies the same.
6. This defendant is without the knowledge to address this paragraph and in an abundance of caution denies the same.
7. Admitted
8. This defendant is without the knowledge to address this paragraph and in an abundance of caution denies the same.

## **JURISDICION**

9. This defendant is without the knowledge to address this paragraph and in an abundance of caution denies the same.
10. This defendant is without the knowledge to address this paragraph and in an abundance of caution denies the same.

## VENUE

11. This defendant is without the knowledge to address this paragraph and in an abundance of caution denies the same.

## STATEMENT OF FACTS

12. This defendant is without the knowledge to address this paragraph and in an abundance of caution denies the same.

13. This defendant is without the knowledge to address this paragraph and in an abundance of caution denies the same.

14. Denied

15. Admitted as to Mario Clark entering a residence, otherwise denied.

16. Admitted as to someone telling the officers Mario Clark was in a fight in the residence, otherwise denied.

17. Admitted as to officers entering the residence, otherwise denied.

18. Denied

19. Denied

20. Denied

21. Denied

22. Denied

23. Denied

24. Denied

25. Denied

26. This defendant is without the knowledge to address this paragraph and in an abundance of caution denies the same.

27. Denied

28. Denied

29. Denied

30. Denied

31. Denied

32. Denied

33. Denied

34. Denied as stated.

35. Denied

36. Denied

37. Denied

## NO REASONABLE OFFICER COULD BELIEVE THAT USE OF FORCE WAS JUSTIFIED

38. Denied

39. A response to this paragraph requires a legal conclusion. This defendant is not an attorney and in an abundance of caution denies the same.

40. A response to this paragraph requires a legal conclusion. This defendant is not an attorney and in an abundance of caution denies the same.

41. Denied

42. Denied

43. OMITTED

44. OMITTED

45. OMITTED

46. OMITTED

47. OMITTED

48. Denied

## CAUSES OF ACTION

### EXCESSIVE FORCE AND BYSTANDER LIABILITY

49. Denied

50. Denied

### 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS

51. Denied

52. Denied

53. Denied

54. Denied

55. Denied

56. Denied

57. Denied

### WRONGFUL DEATH ACTION

58. Denied

### DAMAGES

59. Denied

60. Denied

61. Denied

62. Denied

## ATTORNEY'S FEES

63. Denied

64. Denied

## JURY DEMAND

65. Denied

## PRAYER

- The final unnumbered paragraph is denied.

WHEREFORE PRMISES CONSIDERED, this defendant prays this Honorable Court will dismiss this action as to her and assess all costs to the plaintiff.

SUBMITTED this 1st day of July, 2022,

       Eneke Smith

    By: *s/ Francis S. Springer*
       Her Attorney

Francis S. Springer
Miss. Bar No. 103974
Springer Law Office, PLLC
213 S. Lamar St. Ste. 100
Jackson, MS 39201
P.O. Box 1280
Madison, MS 39130
(601) 605-5004
Fax: (877) 605-5004
E-mail: springerlawoffice@gmail.com

## **CERTIFICATE OF SERVICE**

I certify that I have uploaded a copy of the foregoing document to the Court's Electronic Filing System which sent notice to all counsel of record in this case, to include:

>Hon. Sheridan Carr
>For the City of Jackson et al
>scarr@jacksonms.gov
>
>Hon. Michael V. Cory, Jr.
>For Darrell Robinson and Darrell McDuffie
>mc@dmclaw.net
>
>Hon. Christian Medina
>For Darrell Robinson and Darrell McDuffie
>cmedina@dmclaw.net
>
>Hon. Lisa Ross
>For the Plaintiff
>lross@lmrossatlaw.com

This the 1st day of July, 2022.

>*s/ Francis S. Springer*