Exhibit "A" – Notice of Claim

# THE COCHRAN FIRM

## MISSISSIPPI DELTA

306 BRANSCOME DRIVE • GRENADA, MISSISSIPPI 38901
TELEPHONE: (662) 227-9940 • FAX: (662) 227-9941
WWW.COCHRANFIRM.COM



'9 DEC 20 AM 9: 45

RECEIVED
CITY CLERK
JACKSON, MS

December 17, 2019

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
**#7008 1140 0001 0768 4108**

Attn: Kristi Moore
City Clerk
City of Jackson, Mississippi
Jackson City Hall
219 S President St.
Jackson, MS 39201

| RE: | Plaintiff: | Shelia Ragland |
|---|---|---|
| | Date of Injury: | February 14, 2019, and multiple dates following including but not limited to February 20, 2019 – date of death of Mario Clark as referenced below. |
| | Residence at time: | 2738 Pinedale Road, Jackson, MS 39204 |
| | Current Address: | 2738 Pinedale Road, Jackson, MS 39204 |

Dear Ms. Moore:

### INTRODUCTION

This notice of claim is being sent to you as City Clerk for the City of Jackson consistent with the Mississippi Code of 1972 Section 11-46-11. It is forwarded to you in order to comply with all other notice requirements which might apply.

This is to also confirm that this correspondence fulfills all notice requirements under the Mississippi Tort Claims Act or as otherwise may be applicable prior to commencement of any causes of action. Unless I immediately hear otherwise from you, I will assume the parties are in agreement as to the above, and also that all notice requirements have been complied with as to both substantive and technical legal requirements.

1

Any Reference to "actionable conduct" shall collectively be referred to facts, circumstances, and events providing a basis for my client's claims. Plaintiff files this notice so as to comply with requirements as to certain claims under State law. Nevertheless, Plaintiff reserves the right to provide additional or alternative details should this matter be ongoing and reserves the right to speak directly to any issues here prior to litigation, or in litigation. This is for the purposes of notice only and should be construed as such.

Plaintiff further reserves the right to supplement, amend, define, or re-define potential legal theories or causes of action she may bring arising out of the events referred to. While she may choose to voluntarily disclose potential causes of action for the purpose of your evaluation, any information that goes beyond specific notice requirements of the Mississippi Tort Claims Act should be considered for your information only, and subject to potential change as she further evaluates her claims.

Further, any further information provided should be for informational purposes only so as to assist with your evaluation, though Plaintiff maintains the notice requirements to provide basic information are met by this letter.

Finally, Plaintiff reserves all arguments as to why applicable notice requirements should not apply as to certain claims to the extent that may be founded in law or fact.

**NOTICE OF CLAIMS**

Ms. Ragland's claims arise out of the events on the subject date. On or about February 14, 2019, Ms. Ragland's son, Mario Clark who resided with Ms. Ragland at the time appeared to be having a psychiatric and/or psychological episode wherein he was somewhat incoherent, screaming and hollering. While Ms. Ragland reserves the right to provide further description, it reasonably appeared to Ms. Ragland that Mr. Clark was talking incoherently and wandering around the property. Ms. Ragland recognized that Mr. Clark was in need of mental health care, and that she was presented with an urgent situation due to the apparent mental health crisis. Ms. Ragland therefore dialed 911. While Ms. Ragland reserves the right to describe the exact contents of the communications, and also defers to any accurate record, she informed the operator of the situation and that she believed her son was in need of care.

Subsequent to these events, three officers initially appeared at the location, though at some later point in the near future, more officers appeared. Ms. Ragland witnessed her son approaching one officer, and continuing to talk about certain things including, but potentially not limited to God in a manner that reasonably exhibited psychological and/or psychiatric issues. While Ms. Ragland reserves the right to speak more to the exact contents of any statements made, she witnessed an officer essentially telling Mr. Clark that if he didn't get out of the officer's face, the officer would knock all of his teeth out. Eventually, Mario Clark entered the subject residence. Multiple police officers continued to confront him at that time. The events displayed serious actionable conduct on the part of the police including, but not limited to beating and kicking Mr. Clark. Ms. Ragland

2

expressed extreme emotional distress, outrage, and pleaded for the conduct to stop recognizing that the officers were apparently not reasonably and carefully simply subduing Mr. Clark for the purposes of assisting him, nor performing other reasonable acts of community policing. Mr. Clark eventually was handcuffed and essentially hogtied, though Ms. Ragland reserves the right to describe this more formally and in more detail. The officers beat him while he being hog tied and after. At least two officers beat Mr. Clark multiple times with a black object. Other officers beat him as well.

Due to the fact that this was an obviously serious condition, it is reasonably believed American Medical Response was contacted by the police to assist with medical attention to James Kidd, Ms. Ragland's son residing at the same residence though the claims exist regardless. It is reasonably believed Mr. Kidd was injured as a result of being impacted by Mr. Clark. Mr. Kidd reserves the right to bring his own claims as a result of acts and omissions also referred to here. Even though AMR was contacted, an ambulance was already there and had come some time prior reasonably believed to be due to the 911 call (while reserving the right to verify). Ms. Ragland reserves the right to speak to when she believes Mr. Clark passed away, but her claims exists regardless. Nevertheless, it is reasonably believed life support measures were attempted while Mr. Clark was transported to Merit Central in Jackson, MS based on Ms. Ragland's understanding of the events although Ms. Ragland makes no specific representation as to the exact actual treatment attempted. In any event, Mr. Clark passed away on or about February 20, 2019 though she reserves the right to rely on any accurate record.

At this time, Ms. Ragland is unaware of all specific officers at the scene, though maintains that the City knew of and should have known of their identities. She reserves the right to supplement with this information as this matter is ongoing in discovery. Ms. Ragland is not aware of the exact AMR personnel or other ambulance personnel nor other professional persons or entities involved though there may have been. She likewise reserves the right to supplement in discovery as this matter is ongoing.

In addition, an individual "Marcus" also residing approximately three houses away on Pinedale Road was there. His exact address is unknown. Further, certain other neighbors came to the scene although their exact identities are not known, and Ms. Ragland did not make note of all of their names and locations simply because of the stress of the events and all factors together. Further, Krystal Bennett was the girlfriend of Mario. She came approximately at the time Mr. Clark was handcuffed although the exact time she arrived is uncertain. She is reasonably believed to have witnessed matters related to this.

As a result of the events, Ms. Ragland suffered mental and emotional injuries, significant and severe emotional distress, and extensive symptoms, including but not limited to extreme and persistent anxiety, flashbacks, symptoms of significant depressed mood, significant emotion injury and pain of multiple kinds as reasonably expected from witnessing the violent death of her son following reliance on governmental authorities to perform according to appropriate standards.

3

Ms. Ragland remains willing to share further information upon specific request regarding further details of her injuries, but the above represents a statement of the circumstances bringing about the injuries, the extent of the injuries, the time and place of the injuries, and the persons involved.

As a result of the above actionable conduct, she reserves the right to bring any claims found to be supported including but not limited to claims of negligence and/or gross negligence and/or negligence per se whether founded in statutory of law or otherwise. She also reserves the right to bring claims of negligent, grossly negligent infliction of emotional distress (to the extent emotional distress is found to be supported), bystander emotional distress.

Plaintiff fully reserves the right to define the legal theories she intends to pursue with reference to applicable law but mentions the above in the interest of your fair evaluation of this matter. The above reference to proposed claims and theories are for general information only and Plaintiff reserves the right to claim additional or alternative claims and causes of action. Plaintiff intends to bring claims arising out of any statutory violations or ordinance violations found to be supported. Plaintiff otherwise reserves the right to claim any other statutory or ordinance violations as a basis for causes of action and negligence per se, or other causes of action insofar as they are found to be supported. Plaintiff otherwise reserves the right to claim that the City acted recklessly and/or with reckless indifference and/or in such other manner so as to hold the City liable.

Plaintiff reserves the right to claim all economic and non-economic damages recoverable including but not limited to compensation for lost wages and/or loss of wage-earning capacity, medical losses (past, present, and reasonably anticipated), emotional distress damages, pain and suffering, mental anguish, loss of enjoyment of life, attorney's fees and costs of the expenses of the action, prejudgment interest and post-judgment interest, and punitive damages to the extent recoverable. Plaintiff reserves the right to claim all damages recoverable under law no less than $500,000.00 while reserving the right to revise the claimed amount as needed.

As stated, Plaintiff suffered significant emotional distress and has suffered anxiety, sleep problems, worry, physical symptoms arising from the emotional distress including but not limited to heart racing and other mental and emotional symptoms. Plaintiff incurred and is reasonably expected to incur medical treatment. The nature and extent of her injuries are significant, severe and ongoing, and Ms. Ragland reserves the right to rely on medical (and/or other healthcare opinions) to define the nature and extent of the injuries which have been ongoing since the date of incident and reasonably expected to continue into the foreseeable future. She is reasonably believed to be in need of medical care and/or other healthcare to include but potentially not be limited to treatment for physical injuries arising out of mental injuries, and mental healthcare. Ms. Ragland claims compensation for the costs and amount of the healthcare incurred or to be incurred in the past, present, or future. Plaintiff otherwise reserves the right to claim any other losses available under law so as to fairly compensate her.

Plaintiff sets forth in the interest of disclosure that she has separate claims under Federal Law as well, and maintains the right to bring those claims and causes of action before the Federal Court. She reserves the right to bring claims and causes of action under the Mississippi Tort Claims Act in any State or Federal Court of competent jurisdiction. Plaintiff currently resides within Hinds County, Jackson, Mississippi now and she resided there on February 14 and February 20, 2019.

Please assure communications go through my office and that you do not contact Plaintiff directly. Should you have any further questions or see any reason this does not fulfill applicable notice requirements under law, please contact me immediately or I will assume all notice requirements and other requirements prior to the commencement of this action have been met.

Sincerely,

*Carlos Moore*

Carlos Moore, Esq.
The Cochran Firm

Sincerely,

Michael R. Brown, Esq.
The Michael R. Brown Law Offices

## ACKNOWLEDGE OF RECEIPT OF NOTICE OF CLAIM

I, _____, do hereby acknowledge receipt of a Mississippi Tort Claims Act – Notice of Claim for the above matters regarding *SHELIA RAGLAND V. THE CITY OF JACKSON ET AL.*

SO ACKNOWLEDGED, this the _____ day of _____, A.D., 2019.

By: _____

Title: _____

Witness: _____
                              Signature

**Please return this page in the stamped self-addressed envelope provided.**


# Tracking Request (T010131-122019)

## ⌄ Tracking Request Details

| | |
|---|---|
| Type: | Notice of Claims |
| Summary: | Shelia Ragland<br>v<br>City of Jackson |
| Legal Review: | |

### Legal Review Information:

| | |
|---|---|
| Ready for Legal Review: | No |
| Date Sent for Legal Review: | |

## ⌄ Message History

**Date**

On 12/20/2019 10:28:08 AM, Pamela Palmer wrote:
Request was created by staff

## ⌄ Request Details

| | |
|---|---|
| Reference No: | T010131-122019 |
| Created By: | Pamela Palmer |
| Create Date: | 12/20/2019 10:28 AM |
| Update Date: | 12/20/2019 10:29 AM |
| Completed/Closed: | Yes |
| Close Date: | 12/20/2019 10:28 AM |
| | |
| Status: | Assigned |
| Priority: | Medium |
| Assigned Dept: | Police Dept |
| Assigned Staff: | James Anderson |
| | |
| Customer Name: | Carlos Moore |
| Email Address: | (not specified) |
| Phone: | 6622279940 |
| | |
| Source: | Walk-In |