Exhibit "D" - *Sakinah Green, et al.*
Second Amended Complaint

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPI

**SAKINAH GREEN, INDIVIDUALLY AND
ON BEHALF OF ALL THE HEIRS AT LAW
AND WRONGFUL DEATH BENEFICIARIES
OF MARIO CLARK, DECEASED**                                    **PLAINTIFFS**


**VS.**                              **CIVIL ACTION NO.:  20-CV-00107-HTW-LRA**


**CITY OF JACKSON, MISSISSIPPI; AND
JOHN DOES 1-10**                                    **DEFENDANTS**

---

## SECOND AMENDED COMPLAINT

---

COMES NOW the Plaintiff, Sakinah Green, individually and on behalf of the heirs-at-law and wrongful death beneficiaries of Mario Clark (also referred to as "Plaintiffs"), by and through counsel, and files this her Second Amended Complaint against the above-named Defendants. In support thereof, Plaintiffs would respectfully show unto this Honorable Court the following, to-wit:


## I.        INTRODUCTION

1.        This is a wrongful death action brought as a result of the collective assault, negligence, gross negligence and reckless disregard for the safety of others by the Defendants. Plaintiffs' claims arise as a direct and proximate consequence of an incident that occurred on or about February 14, 2019 in Jackson, Hinds County, Mississippi.

2.      This is also a Federal Civil Rights Action brought as a result of a violation of, *inter alia*, the federal, civil, constitutional, and human rights of Mario Clark (also referred to as "Clark"). On or about February 14, 2019, law enforcement personnel inflicted unnecessary bodily harm on Mario Clark through the use of excessive unreasonable and unjustifiable force. The act of the Defendants in the use of said force against Clark, enforced pursuant to an official policy, is so pervasive as to have the impact of custom and usage. As a direct and proximate consequence, Mario Clark was severely injured and died. It is alleged that certain Federal statutes, to include 42 U.S.C. § 1983 with certain rights under the Constitutions of the United States of America and the State of Mississippi, were violated. In particular, Defendants violated Mario Clark's Fourth Amendment, Eight Amendment, Fourteenth Amendment, and other rights under the United States Constitution. Therefore, the Plaintiffs file this wrongful death action and pray for the result set forth in the following paragraphs.

## II.      <u>JURISDICTION AND VENUE</u>

3.      This Honorable Court has jurisdiction and venue over the parties and this cause of action.

4.      Venue is properly established before this Court in that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in Hinds County, Mississippi.

## III.      <u>PARTIES</u>

5.      Plaintiff, Sakinah Green, is an adult resident citizen of Atlanta, Georgia.

6.      Defendant, City of Jackson, Mississippi, is an entity organized and existing under and by virtue of the laws of the State of Mississippi. The city is subject to suit pursuant to the Miss. Code Ann § 11-46-11 and 42 U.S.C. § 1983 and may be served through its Mayor or chief executive officer, Chokwe Lumumba, 219 South President Street, Jackson, Mississippi.

7.     Defendants, John Does 1-10, are presently unknown law enforcement individuals who were, or are, directly or indirectly involved in the unlawful actions asserted in the present Second Amended Complaint. Once the identity of such individual(s) is determined, the Plaintiffs will seek to substitute said individual(s) for commensurate John Doe Defendants.

## IV.     FACTS

8.     Mario Clark was diagnosed with paranoid schizophrenia, a well known mental illness, as a child. On February 14, 2019, he was having a schizophrenic episode, and his mother, Sheila Ragland, called police seeking assistance in transporting him to the hospital. Jackson Police Officers arrived on the scene. The officers handcuffed Clark and beat him.

9.     The officers' beating lead to Clark's death.  The officers acted with reckless disregard for the safety of Clark.  The officers used excessive force and violated Clark's Constitutional rights. At all pertinent times, the police officers were working within the course and scope of their employment with the Jackson Police Department.

10.     The City of Jackson acted with reckless disregard in that Clark's mother called and informed the police that her son suffered a mental illness and they failed to send persons properly trained to handle individuals with mental illness.

11.     As a direct and proximate result of the Defendants' actions, Clark suffered severe injuries which lead to his death.

12.     At all relevant times, Clark did not threaten to harm anyone. At all relevant times, the Defendant officers were not in imminent fear of being harmed.  The detainment,  beating, and harm to Clark was objectively unreasonable. Further, the detainment and beating of Clark was done with reckless disregard.

13.     Defendants collectively owed a duty of care to Clark, to act as reasonable prudent officers of the law would have acted under the same or similar circumstances. The Defendant officers' actions were done in reckless disregard to the safety of Clark and others.

14.     Defendants' actions breached the duty of care owed to Clark, and were the sole, proximate cause of the damages and ultimate death of Clark.

15.     The Defendant police officers violated Clark's Fourth Amendment and Fourteenth Amendment Constitution Rights by conducting an illegal seizure of Clark and denying him his right to due process. The Defendant police officers' seizure was not pursuant to the seizure of a fleeing felon. Clark had not committed a felonious act. Further, the Defendants' seizure was illegal in that Clark was not an imminent threat to himself or anyone else. The Defendants' actions were not objectively or subjectively reasonable.

16.     During all relevant times, the named Defendant officers were present and on the scene involving Clark. However, the Defendant officers, or at least one such person, failed to intervene to prevent the deprivation of Clark's rights. Additionally, none of the Defendant officers reported the misconduct—rather, each acquiesced in the cover-up.

17.     At all relevant times, Clark did not threaten to harm anyone. At  all relevant times, the Defendant officers were not in imminent fear of being harmed.  The detainment, beating, and harm to Clark was objectively unreasonable. Further, detainment and beating of Clark was an excessive use of force.

18.     The Defendant officers deprived Clark of his Constitutional Right under the Fourth and Fourteenth Amendment by using unreasonable physical force and/or authority to restrain the life and liberty of Clark.

19.     Defendants collectively owed a duty of care to Clark, to act as reasonable prudent officers of the law would have acted under the same or  similar circumstances. The Defendant officers' actions were done in reckless disregard to the safety of Clark and others.

20.     Defendants' actions breached the duty of care owed to Clark, and were the sole, proximate cause of the damages and ultimate death of Clark.

21.     As a direct and proximate result of the collective negligence and breach of duties of care of the Defendants, Clark was deprived of various constitutional rights. As a direct and proximate result of the acts of Defendants, Clark suffered injuries and damages, including but not limited to:

a.     Violation of his Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

b.     Loss of his physical liberty;

c.     Intentional, offensive contact with his body; and

d.     Loss of his life.

22.     At all relevant times, the Defendant officers were acting under color of law and under color of authority as police officers, employees, and agents of the Jackson Police Department, and as agents of the City of Jackson and the State of Mississippi.

## V.      CLAIMS FOR RELIEF

### NEGLIGENCE

23.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as set forth herein in their entirety.

24.     At the time and on the occasion in question, the Defendant officers, individually, jointly and severally, possessed a duty of ordinary care while acting as officers of the law. Specifically, the Defendant officers and other officers of the Jackson Police Department possessed the duty to keep Clark and others reasonably safe, to avoid reasonable harm to Clark, and to act as a reasonable prudent officer would have acted under the same or similar circumstances. Defendants breached their duty of care by not keeping Clark and others reasonably safe. Further, Defendants failed to provide proper guidance and instruction regarding the confrontation with Clark.

25.     The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendants, individually, jointly and severally, resulted in Clark's and/or the Plaintiffs' damages.

## GROSS NEGLIGENCE

26.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

27.     The actions of the Defendants, individually, jointly, and severally, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Clark.

28.     The Defendant officers and other members of the Jackson Police Department had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Clark herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law.  As a result, Plaintiffs are entitled to the recovery of punitive damages.

29.     The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendants resulted in Clark's and/or the Plaintiffs' damages.

## NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

30.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

31.     At the time and on the occasion in question, Defendant, City of Jackson, Mississippi, and other officers with the Jackson Police Department, were negligent in hiring, retaining, supervising and/or control their employee(s), servant(s), and/or agent(s), who assaulted and killed Clark.

32.     Defendant, City of Jackson, Mississippi, had a duty to exercise ordinary care in the hiring, supervising and training of its employees, particularly regarding matters involving excessive force, the care and treatment of mentally ill individuals, and interaction with mentally ill individuals. The Defendant breached that duty in the following respects, among others:

      (a)    failing to adequately train employees, agents or servants;

      (b)    failing to properly supervise employees, agents or servants;

      (c)    failing to comply with laws, rules, statutes, standards and regulations regarding arrests, and;

      (d)    other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Clark's and/or the Plaintiff's damages.

## RES IPSA LOQUITUR

33.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

34.     At all pertinent times, Defendants collectively were in sole and complete control of Clark and the personnel who had a duty to protect him. Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper supervision, experience, and measures were in place to avoid the resulting damages.

35.     Defendants were presented with an available opportunity to avoid the resulting incident. Defendants, however, failed to exercise such control over their personnel to prevent Clark's and/or the Plaintiffs' damages.

36.     The duty of care owed to Clark was therefore breached by the Defendants.

37.     The manner of damage to Clark's person is the type of event that does not ordinarily occur in the absence of negligence.

38.     The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case. The mere occurrence of this incident and the resulting injuries, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

39.     The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by Clark and/or the Plaintiffs.

## RECKLESS DISREGARD

40.     Plaintiffs re-allege and hereby incorporate by reference all of the preceding paragraphs of this Complaint as if set forth herein.

41.     The act(s) and/or omission(s) of Defendants, in both their official and individual capacity constituted a reckless disregard for the rights and safety of Clark. Further, these act(s) and/or omission(s) were perpetrated with such callousness that a reasonable person can certainly conclude that these act(s) and/or omission(s) were carried out without any regard as to their effects. Therefore, the act(s) and/or omission(s) constitute a reckless disregard for the rights and safety of Clark as defined under Mississippi law.

42.     The act(s) and/or omission(s) of the Defendants were a proximate cause as to the injuries and damages sustained by Clark and/or the Plaintiffs.

## VICARIOUS LIABILITY – RESPONDEAT SUPERIOR (MTCA)

43.     Plaintiffs re-allege and hereby incorporate by reference all preceding paragraphs of this Complaint as set forth herein.

44.     Upon information and belief, the Defendant officers involved in this matter were employee(s), servant(s), and/or agent(s) of the Jackson Police Department and the City of Jackson, Mississippi. Thus, the principal Defendant, City of Jackson, Mississippi, is vicariously liable for the actions of its employee(s), servant(s), and/or agent(s) under the doctrine of respondeat superior.

## AGENCY (MTCA)

45.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as set forth herein.

46.     At the times material hereto, the Defendant officers and other members of the Jackson Police Department were in the course and scope of their employment and acted in furtherance of the interest of the Jackson Police Department and/or City of Jackson, Mississippi.

47.     The Defendant officers and other officers and employees of the Jackson Police Department were an apparent agent acting within his actual or apparent authority of the City of Jackson, Mississippi; therefore, Defendant, City of Jackson, Mississippi, is liable for the actions of its employee(s), statutory employee(s), and/or agent(s).

## ASSAULT

48.     Plaintiffs re-allege and hereby incorporate by reference all preceding paragraphs of this Complaint as set forth herein.

49.     The acts(s) and/or omission(s) of Defendants, in both their official and personal capacities, establish that the Defendant officers committed a civil assault. Clark's reasonable apprehension of imminent harmful or offensive contact constitutes civil assault. The Defendants officers' overt acts of beating or striking Clark constituted a threat or menace to Clark. The Defendant officers, and other agents of the Jackson Police Department, present the apparent ability to inflict threatened harm and physical injury upon Clark established that Defendants committed a civil assault.

50.     The above act(s) and/or omission(s) constitute civil assault and were each a proximate cause of the injuries and damages sustained by Clark and/or the Plaintiffs.

## BATTERY

51.     Plaintiffs re-allege and hereby incorporate by reference all preceding paragraphs of this Complaint as set forth herein.

52.     The acts(s) and/or omission(s) of the Defendant officers, in both their official and personal capacities, establish that they committed a civil battery. A civil battery has occurred when a harmful or offensive contact with the person of Clark caused by the act(s) of Defendants, whether directed at Clark personally or at a third party.  The Defendant officers committed civil battery upon Clark by striking him and causing his death.

53.     The above act(s) and/or omission(s) constitute civil battery and were each a proximate cause of the injuries and damages sustained by Clark and/or the Plaintiffs.

## THE COMMON LAW TORT OF OUTRAGE

54.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

55.     The Defendants' overall conduct on the date in question was so outrageous that it shocked the moral and legal conscience of the community. This outrageous conduct resulted in Clark's injuries and death. The manner, method, and design of the Defendants conduct amounted to a cold, callous, premeditated abuse of legal authority.

56.     As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiffs for such outrageous conduct. Thus, Plaintiffs are entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

**WRONGFUL DEATH**

57.     Plaintiffs re-allege and hereby incorporate herein the foregoing allegations of this Complaint as set forth herein in their entirety.

58.     Pursuant to Miss. Code Ann. 11-7-13, whenever the death of any person shall be caused by any real, wrongful or negligent act or omission, entitles the party injured or damaged thereby to maintain an action and recover damages in respect thereof. Clark's death was caused by the tortious acts by the Defendants. Therefore, Clark, or other interested parties, should be able to maintain an action and recover damages from the Defendants.

**VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42
U.S.C. §1983
(General Allegations)**

59.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

60.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Clark of certain constitutionally protected rights under the Constitution of the United States.

61.     At all times material hereto, Defendants were deemed with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi.

62.     Consequently, while acting under the color of the law,  Defendants commenced to implement a custom usage of procedure wherein the rights, privileges, or immunities of Clark were violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and excessive force against Clark, thus, causing him certain injuries which resulted in his death. As a direct and proximate consequence of the Defendants' actions, Clark was deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of this Nation.

63.     In light of the circumstances confronted by Defendants, a deprivation of rights resulted that was sufficiently serious wherein the Defendant officers acted maliciously by using force and physical violence designed and intended to cause Clark physical, mental, and emotional harm, pain, humiliation, and/or injury. Defendants' conduct evidences a deliberate indifference to the immediate, grave and serious condition Clark was left in.

64.     The conduct and actions of Defendants, acting in concert and under color of law, in authorizing, directing and/or causing Clark to be improperly detained, assaulted, and beaten was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical pain and death in violation of Clark's rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable, and unjustified force.

65.     As a direct and proximate result of the violation of his constitutional rights by the Defendants, Clark suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

66.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 (*MONELL* CLAIM AGAINST DEFENDANT, CITY OF JACKSON, MISSISSIPPI) (Failure to Implement Appropriate Policies, Customs and Practices)

67.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

68.     Defendant, City of Jackson, Mississippi, by and through the Jackson Police Department (also referred to as "Municipal Defendant"), directly caused the constitutional

violations suffered by Plaintiffs and the decedent, and is liable for the damages suffered by the Plaintiffs and decedent as a result of the conduct of Municipal Defendant and its officers. The conduct of the Municipal Defendant's officers was a direct consequence of policies and practices, or lack thereof, of the Municipal Defendant and/or the Jackson Police Department.

69.     At all times relevant to this Complaint, Municipal Defendant, acting through the Jackson Police Department, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the Defendant officers, and were a direct and proximate cause of the damages and injuries complained of herein.

70.     At all times relevant to this Complaint, Municipal Defendant, acting through the Jackson Police Department, and through the Defendant officers, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of individual's Constitutional Rights. Upon information and belief, Municipal Defendant, acting through the Jackson Police Department, planned and implemented a policy, practice, custom and usage of excessive force, obstruction of justice, among other things, using excessive force against private citizens, and discouraging officers from reporting the misconduct of other officers. In connection with the events complained of herein, Municipal Defendant consciously disregarded the illegality and unconstitutionality of the Defendant officers' actions. Further, in disregard of the rights of Clark, the Municipal Defendant failed to implement a policy, practice, or custom regarding the interaction, arrest, or use of force on or with mentally ill individuals. These policies, practices, customs, and usages, or lack thereof, were a direct and proximate cause of the unconstitutional conduct alleged herein.

71.     Municipal Defendant knew or should have known of the Defendant officers' propensity to engage in misconduct of the type alleged herein.

72.     It was the policy and/or custom of Municipal Defendant to inadequately and improperly investigate the Defendant officers' misconduct, and acts of misconduct were instead

tolerated, ignored and actually sanctioned by the Jackson Police Department by the mere act of not adequately reprimanding the Defendant officers, and failing to report such misconduct or follow-up with the appropriate authorities.

73.     It was the policy and/or custom of Municipal Defendant to inadequately train, supervise and discipline its officers, including the John Doe Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its officers. Municipal Defendant did not require appropriate in-service training or re-training of officers to ensure they were qualified in the use of force, detainment, and the reporting of illegal conduct.

74.     As a result of the above described policies and customs, among other things, Municipal Defendant, including the Defendant John Doe officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

75.     The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberated indifference on the part of the policymakers of Municipal Defendant to the constitutional rights of persons within Jackson, Mississippi and were the direct and proximate cause of the violation of the rights of Clark.

76.     Municipal Defendant implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that, among other things, allowed employees of the Jackson Police Department to assault Clark and allowed employees of the Jackson Police Department to cover up illegal conduct.

77.     The failure of the Municipal Defendant, including the Jackson Police Department, to adequately train and supervise its officers amounts to a deliberate indifference to the rights of Clark to be free from excessive force, among other things, under the Constitution of the United States.

78.     Upon information and belief, Municipal Defendant has a custom and/or pattern of allowing similar actions of this nature. Municipal Defendant has a history and/or pattern of allowing

similar conduct from their officers. Municipal Defendant has not taken the proper action to stop incidents of this nature, or to implement proper and adequate policies or guidelines. The Municipal Defendant allowed Defendant officers to remain employed as officers after assaulting Clark and causing his death.

79.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Clark, as alleged herein, of certain constitutionally protected rights. Thus, Clark and/or the Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

80.     Municipal Defendant caused the constitutional violations suffered by Plaintiffs and the decedent, and is liable for the damages suffered by Plaintiff and the decedent as a result of the conduct of the Municipal Defendant's officers. The conduct of the Municipal Defendant's officers was a direct consequence of policies and practices of the Municipal Defendant, or lack thereof.

81.     At all times relevant to this Complaint, Municipal Defendant, acting through the Jackson Police Department, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

82.     At all times relevant to this Complaint, Municipal Defendant, acting through the Jackson Police Department, and through the individual John Doe Defendants, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of individual's Constitutional Rights. Upon information and belief, Municipal Defendant planned and implemented a policy, practice, custom of obstruction of justice, among other things, and discouraged officers from reporting the misconduct of other officers, and failed to intervene and prevent the unconstitutional actions of the individually named officers. In connection with the events complained of herein, Municipal Defendant consciously disregarded the illegality and

unconstitutionality of the Defendant officers' actions. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

83.     Municipal Defendant knew or should have known of the Defendant officers' propensity to engage in misconduct of the type alleged herein.

84.     It was the policy and/or custom of the Municipal Defendant to inadequately and improperly investigate the Defendant officers' misconduct, and acts of misconduct were instead tolerated and/or ignored.

85.     It was the policy and/or custom of the Municipal Defendant to inadequately train, supervise and discipline its officers, including the John Doe Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its officers.

86.     As a result of the above described policies and customs, among other things, Municipal Defendant, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

87.     The wrongful policies, practices, customs and/or usages, or lack thereof, complained of herein, demonstrated a deliberated indifference on the part of the policymakers of the Municipal Defendant to the constitutional rights of persons within Jackson, Mississippi and were the direct and proximate cause of the violation of the rights of Clark.

88.     Municipal Defendant implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that, among other things, failed to intervene to prevent employees of the Jackson Police Department from illegally detaining and assaulting Clark.

89.     The failure of Municipal Defendant to adequately train and supervise the officers amounts to a deliberate indifference to the rights of Clark to be free from excessive force, among other things, under the Constitution of the United States.

90.     Upon information and belief, Municipal Defendant has a custom and/or pattern of allowing similar actions of this nature. Municipal Defendant has a history and/or pattern of allowing similar conduct from its officers. Municipal Defendant has not taken the proper action to stop incidents of this nature.

91.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Clark, as alleged herein, of certain constitutionally protected rights. Thus, Clark and/or the Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983.

### VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. § 1983
### (Refusing or Neglecting to Prevent)

92.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

93.     At all times relevant to this Complaint, the John Doe Defendant officers acted as agents of the Municipal Defendant and were acting under the direction and control of the Jackson Police Department.

94.     At all times relevant to this Complaint, the John Doe Defendant officers acted as agents of the Jackson Police Department and were acting under the direction and control of the Jackson Police Department.

95.     Acting under color of law and pursuant to official policy or custom, Municipal Defendant knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis John Doe Defendant officers in their duties to refrain from:

(a)     unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

(b)     conspiring to violate the rights, privileges, and immunities guaranteed to

Clark by the Constitution and laws of the United States and the laws of the

State of Mississippi; and

(c)     otherwise depriving Clark of his constitutional and statutory rights,

privileges, and immunities.

96.     Municipal Defendant had knowledge or, had it diligently exercised its duties to

instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that

the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant had

the power to prevent or aid in preventing the commission of said wrongs, could have done so by

reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

97.     Municipal Defendant directly or indirectly, under color of law, approved and/or

ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the John Doe

Defendant officers heretofore described.

98.     As a direct and proximate cause of the negligent and intentional acts of the

Municipal Defendant as set forth above, Clark suffered physical injury and loss of life in connection

with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, and

Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**(Failure to Intervene)**

99.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint

as if set forth herein in their entirety.

100.     At all times material hereto, Defendants had a duty to intervene while witnessing a

deprivation of certain constitutionally protected rights under the Constitution of the United States.

101.    At all times material hereto, Defendants were deemed with the responsibility and authority of intervening while other officers assaulted Clark without probable cause or justification.

102.    Consequently, Defendants breached the duty owed to Clark. Defendants' breach was the proximate cause of the injuries and damages sustained by Clark and/or the Plaintiffs. Furthermore, the John Doe Defendant officers' actions and/or omissions violated Clark's constitutional rights which led to the injuries and death alleged in this Complaint.

## VI.    DAMAGES

103.    Plaintiffs re-allege and incorporate the foregoing allegations of this Complaint as if set forth herein in their entirety.

104.    Plaintiffs, individually and on behalf of the heirs at law and wrongful death beneficiaries of Mario Clark, and for the use and benefit of the Estate and for the use and benefit of the wrongful death beneficiaries of Mario, pray for judgment against Defendants, as follows:

(a)    For damages to be determined by a jury, and in an amount adequate to compensate Plaintiffs for all the injuries and damage sustained;

(b)    For all general and special damages caused by the alleged conduct of Defendants;

(c)    For the costs of litigating this case;

(d)    For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants from ever repeating such atrocities; and

(e)    For all other relief to which Plaintiff asserts are entitled by Mississippi and Federal law.

Plaintiffs reserve the right to amend and state further with respect to their damages.

## VII.      PUNITIVE DAMAGES

105.      Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

106.      Pursuant to Miss. Code Ann. § 11-1-65 and Title 42 U.S.C. §1983, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of Clark and/or the Plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

## VIII.      JURY TRIAL DEMANDED

107.      Plaintiffs demand a jury trial.


**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants, attorney's fees and the above damages, including actual, economic, non-economic, compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

Dated:  the 26th day of August, 2020.



Respectfully submitted,

SAKINAH GREEN




By: */s/ Dennis C. Sweet, III*
Dennis C. Sweet, III

OF COUNSEL:

Dennis C. Sweet, III, MSB # 8105
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, MS 39201
601-965-8700 Telephone
601-965-8719 Fax

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day I filed the foregoing document with the Clerk of the Court,

via the Court's ECF/MEC system, which provided an electronic copy of said document to all counsel

of record.

      SO CERTIFIED, this, the 26th day of August, 2020.


                              */s/ Dennis C. Sweet, III*
                               Dennis C. Sweet, III