IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT

SHEILA RAGLAND, AS THE ADMINISTRATRIX OF     PLAINTIFFS
THE ESTATE OF MARIO CLARK, DECEASED,
AND ON BEHALF OF THE WRONGFUL DEATH
HEIRS OF MARIO CLARK, DECEASED

VS.     CIVIL ACTION NO.: 3:22-CV-69-DPJ-FKB

CITY OF JACKSON, JAMES DAVIS, ANTHONY     DEFENDANTS
THOMPSON, DARRELL ROBINSON, DARRELL
MCDUFFIE, ENEKE SMITH, in their individual and
Official Capacity, and John Does, 1-4

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS AND FOR STAY

Pursuant to Local Rule 7(b)(4), the City of Jackson, Defendants[1], by and through the undersigned counsel of record, submits this Memorandum in Support of its Motion to Dismiss and For Stay pursuant to Fed. R. Civ. P. 12(b)(6) and other applicable law, and would hereby in support of the same show the Court the following:

## INTRODUCTION

On February 14, 2019, the Jackson Police Department responded to a call for assistance regarding Mario Clark, who required help. Shelia Ragland informed the dispatcher that Mr. Clark, who had a history of mental illness and potential drug influence, needed assistance. JPD officers detained Mr. Clark and he was subsequently transported to Central Mississippi Medical Center. Tragically, Mr. Clark was pronounced

---

[1] The term, "City of Jackson, Defendants," for purposes of this motion includes the City of Jackson and Former Chief of Police, James Davis, in his official capacity.

1

dead on February 20, 2019. This event marked the beginning of a series of legal actions stemming from the incident.

Shelia Ragland filed a lawsuit on December 20, 2019, against the City of Jackson, Mississippi, and other individuals. The present lawsuit was filed on February 21, 2022, involving Shelia Ragland as the Administratrix of the Estate of Mario Clark, Deceased, and the Wrongful Death Heirs of Mario Clark, Deceased as plaintiffs, and several individuals, including City officials, as defendants. The legal actions revolve around allegations of excessive force, constitutional violations, and wrongful death.

The Defendants seek dismissal of the Plaintiffs' claims through a Fed. R. Civ. P. 12(b)(6) motion, asserting various grounds, including claim splitting and statute of limitations violations. The multiple lawsuits filed by the Plaintiffs violate the principle against claim splitting and the statute of limitations has expired on the wrongful death claim. Additionally, the Defendants contest the validity of the bystander liability claim, asserting that Mr. Clark could not have brought such a claim if he were alive. The Defendants also move for a stay of the proceedings until the Court has had an opportunity to rule on this Motion.

**STATEMENT OF FACTS**

On February 14, 2019, the Jackson Police Department ("JPD") responded to a call for service at 2738 Pinedale Street, Jackson, Mississippi 39204 relative to Mario Clark ("Mr. Clark") who needed some help. See *Plaintiffs' Complaint*, Document # 1, ¶ 12. Ms. Ragland explained to the dispatcher that Mr. Clark had a history of mental illness and that he may be under the influence of drugs. *Id.* at ¶ 13; see also ¶. 14. When JPD Officers arrived on the scene, Ms. Ragland told them "... there was an altercation between Mario Clark and James Kidd." *Id.* at ¶ 16. The JPD Officers detained Mr. Clark. American

Medical Rescue arrived on the scene and transported Mr. Clark to Central Mississippi Medical Center. On February 20, 2019, Mr. Clark was pronounced dead. On December 20, 2019, the City received the Notice of Claim relative to this incident on behalf of Shelia Ragland. Exhibit "A," *Plaintiffs' Notice of Claim*.

## I. Lawsuit #1: *Sakinah Green, et al.*

On February 14, 2020, Sakinah Green, Individually and on Behalf of all the Heirs at Law and Wrongful Death Beneficiaries of Mario Clark, Deceased filed a lawsuit in the Hinds County Circuit Court against the City of Jackson, Mississippi and John Does 1-10 alleging (1) reckless disregard, (2) gross negligence, (3) negligent hiring, retention, supervision, and control, (4) res ipsa loquitor, (5) vicarious liability, (6) agency, (7) assault, (8) battery, (9) outrage, and (10) wrongful death. Exhibit "B," *Sakinah Green, et al. Complaint*. On February 26, 2020, Sakinah Green, et al. filed an Amended Complaint to include 42 U.S.C. § 1983 federal claims. Exhibit "C," *Sakinah Green, et al. Amended Complaint*. The case was removed to federal court and Sakinah Green et al. filed a Second Amended Complaint. Exhibit "D," *Sakinah Green, et al. Second Amended Complaint*. Sakinah Green, et al.'s attorney filed a motion to withdraw which the court granted. The court instructed Sakinah Green, et al. to either retain counsel or notify the clerk of their intention to proceed *pro se* within a specified time. Sakinah Green, et al. failed to do so. On January 15, 2021, the City filed a Motion to Dismiss because Sakinah Green, et al. failed to retain counsel or notify the clerk of her intention to proceed *pro se*. On August 31, 2021, the case was dismissed without prejudice. Exhibit "E," *Order Dismissing Sakinah Green, et al.*

## II. Lawsuit #2: *Ragland I*

On June 12, 2020, Shelia Ragland filed a lawsuit in the Hinds County Circuit Court, First Judicial District against the City of Jackson, Mississippi, James E. Davis, Individually and as Chief of Police of the City of Jackson, and John Does 1-2, individually and as Officers of City of Jackson and/or Personnel of the City of Jackson. (Hereinafter "*Ragland (I)*") Exhibit "F," *Ragland (I) Complaint*. Ms. Ragland alleged the following (1) negligent training, control of, hiring, monitoring, supervision and retention as to Defendants City of Jackson and Chief Davis; (2) General Negligence, Gross Negligence, Reckless Disregard on the part of Defendants; (3) Negligent and Grossly Negligent Infliction of Emotional Distress Bystander Claims on behalf of Shelia Ragland; (4) Assault and/or Battery; (5) Intentional Infliction of Emotional Distress; (6) Res Ipsa Loquitor; and (7) Negligence Per Se on Part of Defendants. This case is still pending in the Hinds County Circuit Court.

## III. Lawsuit # 3: *Ragland II*

On February 21, 2022, Plaintiffs filed this instant action – *Shelia Ragland, as the Administratrix of the Estate of Mario Clark, Deceased, and on behalf of the Wrongful Death Heirs of Mario Clark, Deceased v. City of Jackson, James Davis, in his Individual and Official Capacity, Anthony Thompson, in his Individual Capacity, Darrel Robinson, in his Individual Capacity, Darrell McDuffie, in his Individual Capacity, and Eneke Smith, in her Individual and Official Capacity, and John Does 1-4*. (Hereinafter "*Ragland (II)*") The Plaintiffs alleged the following causes of action against the Defendants: (1) excessive force and bystander liability; (2) 42 U.S.C. § 1983 against individual defendants; and (3) wrongful death pursuant to Miss. Code Ann. § 11-7-13. *See Plaintiffs' Complaint*, Document # 1.

## STANDARD OF REVIEW

In considering a motion under Fed. R. Civ. P. 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). To overcome a Fed. R. Civ. P. 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

Ordinarily, in considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). An exception to this rule exists for "matters of public record" of which the Court may take judicial notice. *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

## ARGUMENT

**I. The Plaintiffs' lawsuit must be dismissed because this case violates the rule against claim splitting.**

Defendants' Motion to Dismiss should be granted because Plaintiffs are not allowed to split their causes of action among multiple proceedings. "[T]he rule against

claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action. In a claim splitting case, ***the second suit will be barred if the claims involve the same parties and arise out of the same transaction or series of transactions as the first claim.***" *Ameritox, Ltd. v. Aegis Scis. Corp.*, No. CIV.A.3:08-CV-1168-D, 2009 WL 305874 (N.D. Tex. Feb. 9, 2009) (citations omitted); see also *Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992) ("the critical issue is whether the two actions were based on the same nucleus of operative facts....we look to the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies."). "A main purpose behind the rule is to protect the defendant from being harassed by repetitive actions based on the same claim." *Ameritox*, 2009 U.S. Dist. LEXIS 13305 at *4.

The Plaintiffs are barred from pursuing their "causes of action among multiple proceedings, advancing one part of [their] suit in one court and bringing another part in a later suit." *Pendleton v. State Auto Prop. & Cas. Ins. Co.*, No. 3:17-CV-337-DPJ-FKB, 2017 WL 6561217, at *2 (S.D. Miss. Dec. 21, 2017)(citing *Hearn v. Bd. of Supervisors of Hinds Cnty., Miss.*, No. 3:12-CV-417-CWR-FKB, 2013 WL 1305586, at *2 (S.D. Miss. Mar. 27, 2013), aff'd (July 8, 2014). "The rule against claim splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." Pendleton, 2017 WL 6561217, at *2.

This case presents a straightforward example of claim-splitting as *Ragland II* involves the same parties as *Ragland I* and it arises out of the same facts that are at issue – namely, the incident that occurred on February 14, 2019, and the facts and circumstances surrounding the death of Mario Clark. Thus, *Ragland I* and *Ragland II* are duplicative lawsuits involving the same subject matter pending in Mississippi's state and

federal court. This violates the general prohibition of claims splitting. As a result, Fed. R. Civ. P. 12(b)(6) supports and requires the dismissal of *Ragland II*.

Plaintiffs may argue that *Ragland I* and *Ragland II* do not involve the same parties because *Ragland I* did not specifically name the individual officers. This argument would fail because the Plaintiffs could have moved to join those parties in *Ragland I*. In *Pendleton*, the court was clear that "regardless, the presence of additional defendants does not alter the analysis as between" the Plaintiffs and Defendant who moved to dismiss the case. *Id.* (*citing Hearn*, 2013 WL 1305586, at *1, *3 (dismissing second-filed lawsuit under the rule against claim splitting where the second complaint added a defendant). Additionally, Plaintiffs may assert that they recently retained new counsel, and based upon that the Court should give them some leeway. The court in *Pendleton* addressed such arguments and found that the fact that the Plaintiffs retained new counsel does not change the reality that claim splitting is barred. *Id.* at *3.

The rule against claim splitting requires the Plaintiffs to assert all of their causes of action arising from a common set of facts in one lawsuit. The Plaintiffs are wasting scarce judicial resources and are undermining the efficient and comprehensive disposition of cases by splitting their claims between *Ragland I* and *Ragland II*. Therefore, this Court must dismiss *Ragland II* with prejudice.

II. **The Plaintiffs can only maintain one wrongful death lawsuit and the statute of limitations has run; therefore, this matter must be dismissed with prejudice.**

    a. **The wrongful death statute is subject to the MTCA and therefore, the Plaintiffs wrongful death claim is untimely.**

The statute of limitations has run on the Plaintiffs wrongful death claim; therefore, the Plaintiffs wrongful death claim must be dismissed with prejudice. Although the

statute of limitations for a wrongful death claim is three years, the statute of limitations for a wrongful-death claim is subject to, and limited by, the statute of limitations associated with the underlying tort that resulted in the wrongful death. *Thiroux ex rel. Cruz v. Austin ex rel. Arceneaux*, 749 So. 2d 1040, 1042 (Miss. 1999). To be more precise, the Mississippi wrongful death statute encompasses all claims—including survival claims that could have been brought by the decedent, wrongful-death claims, estate claims, and other claims—resulting from a tort that proximately caused a death. *Caves v. Yarbrough*, 991 So.2d 142, 149–50 (Miss.2008).

The MTCA is the exclusive statutory law governing immunity of state and political subdivisions from liability. The City of Jackson falls within the statutory definitions of "governmental entity" (defined to mean and include the state and political subdivisions) and "political subdivision" (defined as any body politic or body corporate other than the state responsible for governmental activities ... including, but not limited to, any county, municipality ....) Importantly, the Legislature of the State of Mississippi has determined that, as a matter of public policy, the state admits political subdivisions "are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity ... " Miss. Code Ann. § 11-46-3, Declaration of Legislative Intent. Thus, the City of Jackson enjoys immunity pursuant to the MTCA. The MTCA then goes on to waive immunity for political subdivisions, but only under certain conditions. One of these conditions is that prior to instituting any legal action, the putative plaintiff must file a Notice of Claim.

The Plaintiffs served their Notice of Claim on December 20, 2019. As such, Plaintiffs had until November 11, 2020 to file their Complaint. In *Ragland II*, the

Plaintiffs filed their Complaint on February 21, 2022. The alleged incident occurred on February 14, 2019. The Plaintiffs' Complaint was filed nearly one year, five months, and one day past the statute of limitations imposed by Miss. Code Ann. § 11-46-11. Accordingly, the Plaintiffs' Complaint is untimely and must be dismissed with prejudice.

### b. Plaintiffs cannot maintain multiple wrongful death lawsuits.

This court must dismiss with prejudice the instant lawsuit because under Mississippi law wrongful death claims must be brought in a single wrongful death action. The wrongful death statute is clear "… there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned…." Miss. Code Ann. § 11-7-13. As stated above, *Ragland I* and *Ragland II* involve the same factual and legal issues arising out of the same alleged incident that occurred on February 14, 2019. *Ragland I* and *Ragland II* clearly violate the wrongful death statute and as such, this action must be dismissed with prejudice.

### III. This Court must dismiss the Plaintiffs' claims for bystander liability because Mr. Clark could not have brought that claim if death had not ensued.

Mr. Clark could not bring a bystander liability claim if he were alive; therefore, the Plaintiffs' bystander liability claim should be dismissed with prejudice. Although the Plaintiffs' Complaint merely mentions bystander liability in the first heading under Causes of Action, this claim must be dismissed. The wrongful-death statute—as it relates to death caused by a negligent act—states in very specific and understandable terms:

> "Whenever the death of any person or of any unborn quick child shall be caused by any … negligent act or omission, … as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, … and such deceased person shall have left [wrongful death beneficiaries] …, the [defendant] … that

9

> would have been liable if death had not ensued ... shall be liable for damages, notwithstanding the death...."

Miss. Code Ann. § 11–7–13 (Rev.2004). Thus, the survival claims described in the wrongful death statute are, by specific statutory language, limited to damages which the deceased person could have pursued "if death had not ensued." The wrongful death statute creates an action in favor of the statutory beneficiaries only in instances where the injured party could have sued if death had not ensued. *Id.* If Mr. Clark were alive, he could not pursue a claim for bystander liability. Accordingly, this claim must be dismissed with prejudice.

## **MOTION FOR STAY**

The Defendants respectfully move for a stay of proceedings to allow the court time to address the threshold issues contained herein in light of the ongoing litigation in state court (*Ragland I*) involving substantially similar parties, claims, and facts, to promote judicial economy and efficiency, prevent inconsistent rulings, and avoid undue burden on the parties and the court. A stay will facilitate a comprehensive resolution of all claims arising from the same incident, thus serving the interests of justice and minimizing the risk of claim splitting. Specifically, Defendants move for a stay of discovery until the Court has had an opportunity to consider and rule on the said issues.

## **CONCLUSION**

The Plaintiffs' lawsuit violates the rule against claim splitting, which prevents piecemeal prosecution and requires all claims from a single wrong to be presented in one action. Legal precedent is clear that duplicative lawsuits stemming from the same incident must be dismissed under Rule 12(b)(6). Also, the Plaintiffs' wrongful death claim is untimely due to the statute of limitations and the requirement to file a Notice of Claim

under the MTCA. The Plaintiffs' filing of the Notice of Claim on December 20, 2019, establishes a deadline of November 11, 2020, for filing their Complaint, making their February 21, 2022, filing untimely. Further, Mississippi law allows only one wrongful death lawsuit, and *Ragland I* and *Ragland II* violate this principle. Both cases involve the same parties and arise from the same incident, which violates the wrongful death statute and requires the dismissal of this case. Furthermore, the Plaintiffs' claims for bystander liability must be dismissed with prejudice because Mr. Clark could not have pursued such a claim if he were alive. The wrongful death statute limits survival claims to damages the deceased person could have pursued if death had not ensued. Finally, the Defendants request a stay of proceedings to address the procedural issues, promote judicial economy and efficiency, and prevent inconsistent rulings.

RESPECTFULLY submitted this the 29th day of August, 2023.

**CITY OF JACKSON, MISSISSIPPI AND JAMES DAVIS**

By: /s/ Sheridan A. Carr
Sheridan A. Carr,  MSB #106276
Deputy City Attorney

**OF COUNSEL:**
**OFFICE OF THE CITY ATTORNEY**
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
Telephone: 601-960-1799
Facsimile: 601-960-1756
*Attorney for the City of Jackson*

## **CERTIFICATE OF SERVICE**

I, Sheridan A. Carr, one of the attorneys for the Defendants, do hereby certify that I have served this day via Electronic Filing a true and correct copy of the above and foregoing to all counsel of record.

So certified, this the 29th day of August, 2023.

By: /s/ Sheridan A. Carr
Sheridan A. Carr, MSB #106276