IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| **SHEILA RAGLAND** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | Civil Action No. |
| v. | : | 3:22-CV-69-DPJ-FKB |
| | : | |
| | : | |
| **CITY OF JACKSON,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND FOR STAY**

Comes now the plaintiff, by and through counsel, and hereby submits her response to the motion to dismiss and for stay filed by the defendants in this matter. Despite having previously filed an answer, the defendants seek to have this court dismiss plaintiff's complaint because it violates the rule against claim splitting, because her wrongful death and survival claims are untimely, and because her bystander liability claim is not a cognizable claim. As a consequence of these alleged deficiencies, the defendants urge the Court to dismiss plaintiff's action with prejudice.

**BACKGROUND**

The plaintiff in this action is the mother of Mario Clark. Mr. Clark died after an encounter with City of Jackson Police Officers on February 19, 2019. His death, as alleged in plaintiff's complaint was the result of the use of excessive force, unconstitutional policies and/or practices and failures to act. Shortly after his death, Sakinah Green, the purported mother of Mr. Clark's child filed a lawsuit in Hinds County Circuit Court. As set forth in defendants' motion, that case was eventually removed to federal court where it was dismissed without prejudice on August 31, 2021. Ms. Green was never appointed Administratrix of Mr. Clark's Estate and was not otherwise qualified to prosecute the lawsuit that she filed.

On December 17, 2019, Sheila Ragland, the plaintiff in this lawsuit, filed a notice of claim

pursuant to the Mississippi Tort Claims Act. She was represented by counsel not associated with the present litigation. On June 12, 2020, then counsel for Ms. Ragland timely filed a wrongful death lawsuit on her behalf, in her individual capacity that was limited to her individual claims. That lawsuit is currently pending in Hinds County Circuit Court. The defendants in that case include the City of Jackson, Mississippi, its police chief and several of its officers.

Subsequently, counsel in the Hinds County lawsuit were discharged by Ms. Ragland and new counsel, Lisa M. Ross, was retained. For reasons that cannot be discerned, that counsel filed the present lawsuit instead of seeking to amend the Hinds County lawsuit thereby creating a situation where a second lawsuit pertaining to the same claims and parties came into existence. Understandably, Ms. Ragland took issue with how her case, which was filed as a result of the death of her son, was being prosecuted and discharged Ms. Ross.

Present counsel was retained on July 12, 2023. Upon being retained, present counsel, who were only aware of the existence of the present lawsuit, sought to amend deadlines and place this matter in the proper posture. On August 29, 2023, the defendants filed the motion at issue. It was at that time that present counsel first became aware of the Sakinah Green lawsuit and the Hinds County lawsuit. None of plaintiff's prior counsel informed present counsel of the existence of these lawsuits.

To rectify this situation, counsel for the plaintiff, Trent Walker, is seeking to enter his appearance in the Hinds County lawsuit by substituting his appearance for that of plaintiff's previous counsel who has moved to withdraw.[1] Once the Court allows this substitution, a motion for leave to amend the complaint will be filed which encompasses all the wrongful death and survival act claims that are warranted based upon the facts and circumstances of this case.

## ARGUMENT

The plaintiff concedes that previous counsel should have sought to amend the Hinds County complaint to include the claims set forth in the complaint in this action rather than file the present

---

[1] Motion to Substitute Counsel filed by Trent Walker Esq. in Case: 25CI1:20-cv-00355-WLK Document #: 19   Filed: 09/12/2023

lawsuit in this case. That has been communicated to the defendants. The plaintiff reached out to the defendants and requested their consent to have this matter dismissed without prejudice. The defendants rejected that overture and insisted that plaintiff's complaint be dismissed with prejudice. The defendants are pressing this court for a dismissal of this action with prejudice so as to adversely affect plaintiff's Hinds County Circuit Court action.

### 1. The Affect Of Dismissal With Prejudice

The 5th Circuit has opined that

> A dismissal with prejudice is a drastic sanction which may affect substantial rights of the litigant and is to be used only in extreme situations, where there is a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice. [citations and internal quotation marks omitted].

*Pond v. Braniff Airways, Inc*. 453 F.2d 347, 348 (5th Cir. 1972). The Mississippi Supreme Court has opined likewise:

> [D]ismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases.

*Holder v. Orange Grove Med. Specialties*, P.A., 54 So. 3d 192, 197 (Miss. 2010).

The defendants in this case do not contend that plaintiff has failed to set forth a plausible basis for relief.[2] Their primary contentions are that plaintiff's complaint in this case, which was filed on February 21, 2022, is beyond the one (1) year applicable statute of limitations provided by the Mississippi Tort Claims Act and is disallowed by the fact that another lawsuit was previously filed involving the same parties and the same incident, in Hinds County Circuit Court that remains pending. Importantly, there is no suggestion that the Hinds County lawsuit was filed untimely or that

---

[2] The defendants oddly assert that Mr. Clark, had he survived, could not pursue a claim for bystander liability. Mot. at 10. The law regarding bystander liability is well established. Where a police officer 1) knows that a fellow officer is violating an individual's constitutional rights; 2) has a reasonable opportunity to prevent the harm; and 3) chooses not to act, a basis for bystander liability exists. *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013).

it otherwise fails to set forth plausible claims. The defendants point to no prejudice that they would suffer if this matter were dismissed without prejudice, nor could they inasmuch as plaintiff's lawsuit that was filed in Hinds County Circuit Court has been pending for more than three (3) years. Moreover, the defendants did not raise this issue in the present matter until August 2023, which is eighteen (18) months after this action was filed.

Unfortunately, the plaintiff, who is not well educated nor shrewd when it comes to legal matters, received less than stellar representation by previous counsel. Should the Court acquiesce to the demand of the defendants that this matter be dismissed with prejudice, the plaintiff would be precluded from seeking justice regarding the death of her son. That would not amount to justice, it would amount to a sanction against the plaintiff for the missteps of previously dismissed counsel, and an abuse of the discretion that the Court enjoys in this regard.

Wherefore, for the reasons stated herein and in the record of this proceeding, the plaintiff submits that inasmuch as there is a lawsuit currently pending in Hinds County Circuit Court involving the death of plaintiff's son, Mario Clark, and concedes that this matter was wrongly filed in this court by previously discharged counsel, any dismissal of this action should be without prejudice, so as not to punish the plaintiff for the missteps of that previously discharged counsel.

Respectfully submitted on 9/122 2023 by:

　_/s/_ MALIK SHABAZZ_ESQ /S/_
**MALIK SHABAZZ, Esq.**
The Law Office of Malik Shabazz, Esq.
D.C. Bar # 458434
6305 Ivy Lane,
Suite 608
Greenbelt, MD 20770
Email:Attorney.shabazz@yahoo.com
Tel: (301) 513-5445
Fax: (301) 513-5447
(Lead counsel for Plaintiff)

　_/S/ TRENT WALKER ESQ /S/_

**TRENT WALKER, Esq.**
The Law Offices of Trent Walker
M.S.B. #10475
5245 Keele Street
Suite A
Jackson, Mississippi
39206
Email: Trent@Trentwalkeresq.com
(Co-Counsel)
(601) 321-9540

## **CERTIFICATE OF SERVICE**

      I, the undersigned attorney, do certify that I have this date emailed a copy of this Motion to all attorneys of record and Defendant's counsel have received this motion via ECF.

                                                *s/ Malik Z. Shabazz, Esq.*
                                                9/22/23