**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT**

| | |
|---|---|
| **SHEILA RAGLAND, AS THE ADMINISTRATRIX OF THE ESTATE OF MARIO CLARK, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH HEIRS OF MARIO CLARK, DECEASED** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO.: 3:22-CV-69-DPJ-FKB** |
| **CITY OF JACKSON, JAMES DAVIS, ANTHONY THOMPSON, DARRELL ROBINSON, DARRELL MCDUFFIE, ENEKE SMITH, In their individual and Official Capacity, and John Does, 1-4** | **DEFENDANTS** |

### DEFENDANTS' REBUTTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**COMES NOW,** the City of Jackson, Defendants[1], by and through the undersigned counsel of record, pursuant to L.U.Civ.R. 7(b)(4) and other applicable provisions of the Federal Rules of Civil Procedure, and submits this their *Rebuttal Memorandum in Support of Defendants' Motion to Dismiss*, and in support hereof, Defendants would respectfully show this Court the following:

In the *Plaintiffs' Memorandum of Points and Authorities in Response to Defendants' Motion to Dismiss and for Stay* [Document #58], the Plaintiffs concede the arguments made by the Defendants in their *Motion to Dismiss.* However, the Plaintiffs argue that this matter should be dismissed *without prejudice* instead of *with prejudice* as requested by Defendants. Therefore, the only issue before the court is whether this action should be dismissed *with or without prejudice.*

---

[1] The term, "City of Jackson, Defendants," for purposes of this Rebuttal includes the City of Jackson and Former Chief of Police, James Davis, in his official capacity.

1

The Plaintiffs assert, "[t]he defendants are pressing this court for a dismissal of this action with prejudice so as to adversely affect plaintiff's Hinds County Circuit Court action." *Id.* This is simply untrue. The Defendants have moved this Court to dismiss the Plaintiff's Complaint solely on procedural grounds under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Consequently, the dismissal of this action with prejudice would not in any way impede the Plaintiffs' ongoing Hinds County Circuit Court case. To clarify, the dismissal of this action with prejudice would bar the Plaintiffs from filing any subsequent lawsuits and not affect any previously initiated legal actions. Therefore, the Plaintiffs' assertion that the dismissal of this lawsuit with prejudice would obstruct their pursuit of justice concerning the death of Mario Clark is baseless, as *Ragland I* is still pending before the Hinds County Circuit Court.

The Plaintiffs contend that "the defendants in this case do not contend that plaintiff has failed to set forth a plausible basis for relief." *Id.* However, Defendants' entire Rule 12(b)(6) motion revolves around Plaintiff's failure to state a claim upon which relief can be granted. Furthermore, Defendants argue that the multiple lawsuits brought by the Plaintiffs lack merit and are frivolous in light of the record evidence produced in discovery thus far.[2]

To dismiss this case *without prejudice* would be a grave injustice to Defendants. This case should be dismissed with prejudice to prevent Plaintiff from continuously burdening the Defendants with baseless claims. As conceded by the Plaintiffs, *Ragland I* and *Ragland II* violate the principle against claim splitting and the statute of limitations

---

[2] Although a 12(b)(6) Motion to Dismiss is typically limited to the pleadings, it is important to highlight that during discovery all parties received a copy of the AMR Report, autopsy report, and toxicology report. The Medical Examiner's Office ruled Mr. Clark's death an accident due to Geodon toxicity. Consequently, it is evident that Mr. Clark's death did not result from any actions by any of the named Defendants.

has expired on the wrongful death claim. With the statute of limitations running on Plaintiffs' wrongful death claim, they have no legal right to pursue the claim further. Dismissing this case with prejudice is essential to uphold judicial efficiency and conserve judicial resources, while also protecting Defendants from the burden and expense of defending against the same lawsuits, which is financially crippling and unfair to the City of Jackson, Mississippi.

In conclusion, the Defendants have demonstrated that the Plaintiffs' request for dismissal *without prejudice* lacks merit and would be unjust in light of the circumstances of this case. Dismissing this action *with prejudice* is not only warranted but also necessary for all the reasons stated in Defendants' Memorandum and Rebuttal.

**WHEREFORE PREMISES CONSIDERED**, the Defendants respectfully request that this Court enter an Order dismissing Plaintiff's Complaint *with prejudice*, and for such further relief consistent with this motion, general or specific, that this court may deem appropriate.

RESPECTFULLY submitted this the 29th day of September, 2023.

**CITY OF JACKSON, MISSISSIPPI AND JAMES DAVIS**

By: /s/ Sheridan A. Carr
Sheridan A. Carr, MSB #106276
Deputy City Attorney

**OF COUNSEL:**
**OFFICE OF THE CITY ATTORNEY**
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
Telephone: 601-960-1799
Facsimile: 601-960-1756
*Attorney for the City of Jackson*

## **CERTIFICATE OF SERVICE**

I, Sheridan A. Carr, one of the attorneys for the Defendants, do hereby certify that I have served this day via Electronic Filing and via U.S. Mail, a true and correct copy of the above and foregoing to all counsel of record.

So certified, this the 29th day of September, 2023.

By: /s/ Sheridan A. Carr  
Sheridan A. Carr, MSB #106276