**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT**

| | |
|---|---|
| **SHEILA RAGLAND, AS THE ADMINISTRATRIX OF THE ESTATE OF MARIO CLARK, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH HEIRS OF MARIO CLARK, DECEASED** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO.: 3:22-CV-69-DPJ-FKB** |
| **CITY OF JACKSON, JAMES DAVIS, ANTHONY THOMPSON, DARRELL ROBINSON, DARRELL MCDUFFIE, ENEKE SMITH, in their individual and Official Capacity, and John Does, 1-4** | **DEFENDANTS** |

**DEFENDANTS' REBUTTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**COMES NOW**, the City of Jackson, Defendants[1], by and through undersigned counsel of record, pursuant to L.U.Civ.R. 7(b)(4) and other applicable provisions of the Federal Rules of Civil Procedure, and submits this their *Rebuttal Memorandum in Support of Defendants' Motion for Summary Judgment*, and in support hereof, the City would respectfully show the Court the following:

The Plaintiffs' response to the Defendants' Motion for Summary Judgment contains conclusory allegations unsupported by record evidence. The absence of genuine issues of material facts renders summary judgment appropriate.

The Plaintiffs are seeking to hold the City liable for the tragic death of Mario Clark. However, the record evidence does not support such a conclusion. The Plaintiffs assert a § 1983 claim arguing that the City has an unwritten policy enabling the use of excessive

---

[1] The term, "City of Jackson, Defendants," for purposes of this motion includes the City of Jackson and Former Chief of Police, James Davis, in his official capacity.

force. However, they fail to identify a specific policy that was the moving force behind the alleged constitutional violation in this case. Assuming the Plaintiffs can establish a § 1983 case, the JPD officers acted objectively reasonable under the circumstances. The final autopsy report reveals that Mr. Clark sustained non-lethal injuries and that his cause of death was Geodon toxicity. Alternatively, even if the Plaintiffs can show the Officers did not act objectively reasonable, the City still cannot be held liable. To establish municipal liability in an excessive force case, the Plaintiffs must establish that the City had a policy, practice or custom that caused the use of excessive force, which they cannot. Finally, the Plaintiffs wrongful death claim must be dismissed with prejudice because Mr. Clark's death was ruled an accident due to Geodon toxicity.

I. **The Plaintiffs arguments regarding discovery lack merit.**

The Plaintiffs appear to have overlooked or disregarded the procedural history of this case. The parties have participated in written discovery and document production. Notably, however, the Plaintiffs were less than active in the discovery process ***before the Court terminated all deadlines.***

On February 15, 2023, the Case Management Order was entered and the discovery deadline was September 20, 2023. See Document # 27. On February 20, 2023, Officers Thompson and Smith served their Initial Disclosures. See Document # 28. Two days later, the City served their Initial Disclosures. See Document # 29. That same day, Officers Robinson and McDuffie served their Initial Disclosures. See Document # 30. Trent Walker entered an appearance on July 12, 2023. See Documents # 31 and 32. On July 17, 2023, Officer McDuffie propounded discovery to Plaintiff. See Document # 33 and 34. ***The Plaintiffs deadline to respond was August 16, 2023.*** Three days later, the City served its Designation of Expert. See Document # 35. On July 25, 2023, Malik

Shabazz filed a Motion to Appear Pro Hac Vice. See Document # 37. During that time, Officers Robinson and McDuffie subpoenaed records and information from Merit Health Central, Mississippi Department of Public Safety, and Mobile Medic Ambulance. See Documents 38 - 40. On July 27, 2023, Officers Thompson and Smith propounded discovery to the Plaintiffs. See Documents # 41 -44. ***The Plaintiffs deadline to respond was August 28, 2023.*** On August 2, 2023, the City propounded discovery to the Plaintiffs and ***the Plaintiffs had until September 1, 2023 to respond.*** See Documents #46 and 47. On August 17, 2023, the Plaintiffs filed a Motion to Amend the Scheduling Order based on the fact that "the complete autopsy for Mario Clark [was] still outstanding and unavailable […]". See Document #48. ***On August 28, 2023, the Plaintiffs responded only to Officers Thompson and Smith's Request for Admissions.*** See Documents # 49 and 50. On September 25, 2023, the Court entered an Order terminating all deadlines and settings in light of the City's pending Motion to Dismiss [Document # 51]. See Document # 60.

    The civil docket establishes that the City and other named Defendants propounded discovery within a reasonable time before the discovery deadline. The docket as of the date of this filing is attached to this Motion as Exhibit "A". Plaintiffs failed to respond to the City's propounded discovery within thirty (30) days as required by the Federal rules. Additionally, Plaintiff did not seek an extension of time to respond to the City's propounded discovery. The Plaintiffs bear the burden of proof and they have a duty to engage in discovery to substantiate their case. Plaintiffs cannot neglect to engage in discovery and then subsequently argue that they lack evidence.

> **II.    Plaintiff cannot prevail on their § 1983 claim because Plaintiff has no evidence of a policy, practice or custom within the Jackson Police Department that enables its officers to use excessive force.**

The Plaintiffs contend that they can prevail on their § 1983 claim against the City because the City "has presented no material facts to support summary judgment." See Document # 67, p. 3. The Plaintiffs suggest that the City is trying to use their Complaint as evidence to support the City's Motion for Summary Judgment. This is simply not true. For clarity, the City cites to Plaintiff's Complaint to set out the Plaintiffs' allegations against the City – not as summary judgment evidence. The City asserts that the Plaintiffs have no record evidence to prevail on their § 1983 claim against the City.

The Plaintiffs cannot prevail on their § 1983 claim against the City. Although they attempt to identify a policymaker in their response, they fail to do so. Further, the Plaintiffs fail to state a City policy, practice or custom that enables excessive force in violation of a constitutional right. Ironically, the Plaintiffs solely rely on the allegations contained in their Complaint to support their contention that the City has an official policy enabling excessive force but they are fully aware that the allegations in their Complaint are not proper summary judgment evidence. As Plaintiffs correctly pointed out in their response, "[a]llegations in the complaint are not evidence for summary judgment purposes." See Document # 67, p. 6. Further, Plaintiffs have failed to show that the alleged official policies were the moving force behind the alleged constitutional violation. Accordingly, Plaintiffs could not prevail on their § 1983 claim against the City. Therefore, this Court should grant the City's Motion for Summary Judgment.

### III. Even if the JPD Officers did not act reasonably under the circumstances summary judgment in favor of the City is still warranted.

The Plaintiffs indirectly dispute the authenticity of Exhibit "B", Autopsy Report [Document # 64-2] based on a preliminary Pathologic Examination (also known as "autopsy report") that they never produced in discovery or otherwise disclosed to the parties[2]. A true and correct copy of the preliminary Pathologic Examination is attached hereto as Exhibit "B". Plaintiff is attempting to mislead the court by suggesting this preliminary Pathologic Examination is the final autopsy report[3]. It is not.

On February 21, 2019, J. Brent Davis, M.D., Former State Medical Examiner, conducted Mr. Clark's autopsy. Soon after the autopsy, Dr. Davis completed a preliminary Pathological Examination report. Exhibit "C", Affidavit of Kristy Simmons. The preliminary Pathological Examination report is only an initial document and does not contain the final findings of the Medical Examiner. *Id.* Dr. Davis left the Mississippi State Medical Examiner's Office without completing the Final Pathologic Diagnoses report. *Id.* Dr. Davis' departure from the Medical Examiner's Office contributed to the delay in the completion of Mr. Clark's final autopsy report. In 2023, the Final Pathologic Diagnoses report was completed by Mark M. LeVaughn, MD, Forensic Pathologist and Associate State Medical Examiner. *Id.;* See also Document # 64-2, Exhibit "B", Autopsy Report. The Final Pathologic Diagnoses report contains the Medical Examiner's final findings based on the postmortem exam, toxicology report, medical records, and investigative

---

[2] The Plaintiffs reference this report in their Complaint but it was not attached to the Complaint. See Document # 1, ¶ 26.

[3] It is important to note the Plaintiffs acknowledged in their Motion to Amend Case Management Order [Document #53] that they did not have the final autopsy report for Mr. Clark which was the basis of their Motion. See Document # 53, ¶ ¶ 9 and 10.

information. *Id.* The Final Pathologic Diagnoses report is the final report containing the Medical Examiner's final diagnoses and opinion. *Id.* Accordingly, there is no genuine issue of material fact relative to Mr. Clark's cause of death.

As previously stated, the JPD officers' actions were objectively reasonable in light of the circumstances. Mr. Clark exhibited both violent and erratic behavior that necessitated the officers' use of force to detain him. As previously stated in City's Memorandum [Document # 65], for the Plaintiffs to prevail on their excessive force claim, they have to show that Mr. Clark's death resulted directly and only from the use of force that was clearly excessive. See *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009). Plaintiffs cannot show through proper summary judgment evidence that Mr. Clark's death resulted directly and only from the actions of the JPD officers. The final autopsy report is clear that Mr. Clark suffered non-lethal blunt traumatic injuries consisting of abrasions on his face, wrists and ankles. Those injuries are inconsistent with Mr. Clark's cause of death.

The Plaintiffs rely on a purported "Affidavit" from Ms. Ragland. The Plaintiffs' purported affidavit is not only self-serving but also unsworn. The Fifth Circuit has consistently held that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment. *Nissho-Iwai American Corp. v. Kline*, 345 F.2d 1300, 1306 (5th Cir. 1988). However, a statutory exception to this rule exists under 28 U.S.C. § 1746, which permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made "under penalty of perjury" and verified as "true and correct." *Id.* (internal citations omitted). The Plaintiff's unsworn declaration falls under the exception as it contains the appropriate language required by the statute. Even if the Court accepts Ms. Ragland's version of events, the City is still entitled to summary judgment. The City

6

cannot be liable for the alleged excessive force unless Plaintiffs can establish their § 1983 claim. For the reasons stated above and in the City's Memorandum [Document # 65], they cannot.

The Plaintiffs rely on a photo of a purported Death Certificate of Mario Clark. This death certificate was never produced in discovery or otherwise disclosed to the parties. Accordingly, the same is improper summary judgment evidence. Nevertheless, it is crucial to note that the cause of death indicated on the Certificate of Death relies on information derived from the preliminary Pathological Examination report by the Medical Examiner. This correlation is evident, as the language employed in both documents is identical. See Exhibit B; See also Document # 71-2, Temporary Copy of Certificate of Death for Mario Clark. Mr. Clark's death certificate is not based on the Final Pathologic Diagnoses report, which is the final binding opinion of the State Medical Examiner. Accordingly, Mr. Clark's temporary death certificate does not create a genuine issue of material fact because the preliminary Pathological Examination report was not the conclusive findings of the Medical Examiner.

**IV. The Plaintiffs wrongful death claim must be dismissed with prejudice because Mr. Clark's death was ruled an accident due to Geodon toxicity.**

As stated above, the Plaintiffs dispute the authenticity of the final Autopsy report. For brevity, please see the City's arguments above as well as the Affidavit of Kristy Simmons. The Plaintiffs consistently reference the final autopsy report as a "new" document. Although the final report was recently completed, the final report relied on the postmortem exam, toxicology report, medical records, and investigative information. See Document # 64-2, Exhibit "B", Autopsy Report.

On July 24, 2023, Officers Robinson and McDuffie, through their attorneys, subpoenaed the "Autopsy report and related documentation, including photographs, diagrams, tissue samples, of the post-mortem examination of Mario Clark." See Document # 39. After several emails and phone calls requesting the status of Mr. Clark's autopsy report in consideration of this litigation, we received a copy of Mr. Clark's autopsy report and toxicology report on August 31, 2023. There is no genuine issue of material fact relative to Mr. Clark's cause of death. The record evidence supports the City's contention that Mr. Clark died due to Geodon toxicity, not the actions of the City or any of its employees. Therefore, the Plaintiffs' wrongful death claim must be dismissed.

**V. The Plaintiffs have not stated by affidavit or declaration that they cannot present facts essential to justify their opposition; therefore, summary judgment is proper.**

While the Plaintiffs appropriately reference Fed. R. Civ. P. 56(d), it is noteworthy that they have not undertaken the necessary actions outlined by the rule. Specifically, the Plaintiff has not substantiated, through affidavit or declaration, any specific reasons for their inability to present essential facts justifying opposition to the City's Motion for Summary Judgment. Consequently, the City contends that its Motion for Summary Judgment is ready for consideration and should be granted.

**VI. The City's Motion for Summary Judgment is grounded in valid legal arguments and was not filed to cause unnecessary delay or harassment.**

The Plaintiffs assert that the City was cognizant of the existing preliminary Pathological Examination and Certificate of Death related to this case, yet proceeded to file the present motion without apprising the Court of these crucial facts that directly challenge their purported autopsy report.  See Document # 67, p. 10. Contrary to this claim, the City only became aware of the preliminary Pathological Examination and

8

Certificate of Death when the Plaintiffs responded to the City's Motion for Summary Judgment. It is crucial to note that although the Plaintiffs' Complaint alludes to an autopsy report, the actual document was not attached to the Complaint. See Document # 1, ¶ 26. ***Until now, the Plaintiffs have acknowledged that they did not have a copy of the final autopsy report.*** See Document # 53, ¶¶ 9 and 10. The Affidavit from Kathy Simmons, Director at the State Medical Examiners Officer, fully explains that the preliminary Pathological Examination is not the conclusive findings of the medical examiner. See Exhibit C, Affidavit of Kristy Simmons.

This Court should deny Plaintiffs' request for sanctions, as the City's Motion for Summary Judgment and supporting documents are grounded in valid legal arguments. The motion was filed to uphold the integrity of the legal process and is not frivolous or intended to cause unnecessary delay or harassment. Therefore, Plaintiffs' request for sanctions lack merit and should be denied.

**WHEREFORE PREMISES CONSIDERED,** the Defendants respectfully request that this Court enter an Order granting summary judgment in their favor, dismissing Plaintiff's Complaint with prejudice, and for such further relief consistent with this motion, general or specific, that this Court may deem appropriate.

RESPECTFULLY submitted this the 15th day of November, 2023.

        **CITY OF JACKSON, MISSISSIPPI AND JAMES DAVIS**

        By: /s/ Sheridan A. Carr
        Sheridan A. Carr, MSB #106276
        Deputy City Attorney

**OF COUNSEL:**
**OFFICE OF THE CITY ATTORNEY**
455 East Capitol Street
Post Office Box 2779

Jackson, Mississippi 39207-2779
Telephone: 601-960-1799
Facsimile: 601-960-1756
*Attorney for the City of Jackson*

## **<u>CERTIFICATE OF SERVICE</u>**

I, Sheridan A. Carr, one of the attorneys for the Defendants, do hereby certify that I have served this day via Electronic Filing a true and correct copy of the above and foregoing to all counsel of record.

So certified, this the 15th day of November, 2023.

<u>By: /s/ Sheridan A. Carr</u>
Sheridan A. Carr, MSB #106276
