UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHEILA RAGLAND, AS THE ADMINISTRATRIX OF
THE ESTATE OF MARIO CLARK, DECEASED, AND
ON BEHALF OF THE WRONGFUL DEATH HEIRS OF
MARIO CLARK, DECEASED                                              PLAINTIFFS

V.                                              CIVIL ACTION NO. 3:22-CV-69-DPJ-FKB

CITY OF JACKSON; JAMES DAVIS, ANTHONY THOMPSON,
DARRELL ROBINSON, DARRELL MCDUFFIE, AND ENEKE SMITH,
IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES                        DEFENDANTS

ORDER

Shelia Ragland's son, Mario Clark, died within days of an encounter with Jackson Police Department officers. The City of Jackson moved to dismiss [51] Ragland's lawsuit because she is already litigating the matter in state court. In response, Ragland concedes that her lawsuit violates the rule against claim splitting but asks the Court to dismiss her case without prejudice.[1] As explained below, the Court finds dismissal without prejudice is appropriate.

I.   Facts and Procedural History

On February 14, 2019, Jackson Police Department (JPD) responded to a call for assistance regarding Ragland's son, Mario Clark. Compl. [1] at 4. Ragland "explained to the dispatcher that Mario Clark had a history of mental illness and that he may be under the influence of drugs." *Id.* According to her, JPD officers "tackled" Clark, "handcuffed his hands and feet," and "used their batons to beat[]" him. *Id.* at 5. American Medical Rescue, an

---

[1] While Ragland conceded the motion to dismiss in her Response, the City of Jackson then moved for summary judgment [64]. To be safe, the Court allowed briefing on that motion to conclude before ruling on the motion to dismiss. All filings have been reviewed by the Court.

ambulance service, arrived on the scene and transported Clark to the hospital. *Id.* at 6. Clark died on February 20, 2019. *Id.*

### Sakinah Green Lawsuit

On February 14, 2020, Sakinah Green, on behalf of the heirs of Mario Clark, sued the City of Jackson in state court. Green Compl. [51-2]. Green later added claims under 42 U.S.C. § 1983, and the case was removed to federal court. Counsel for Green ultimately withdrew, and when Green failed to retain new counsel or notify the Court of her intention to proceed pro se, the Court dismissed the action without prejudice. Green Order [51-5]. According to Ragland, Green was never appointed administratrix of Clark's estate and "was not otherwise qualified to prosecute the lawsuit that she filed." Resp. [58] at 1.

### Ragland I

Meanwhile, on June 12, 2020, Ragland sued the City of Jackson and Former Police Chief James Davis in state court. In that complaint, she describes the events of February 14, 2019, involving Clark and JPD Officers. Ragland I Compl. [51-6]. And she advances eight counts detailing claims that include negligent training, control, hiring, monitoring, supervision, and retention; general negligence; gross negligence and reckless disregard; negligent and intentional infliction of emotional distress; and assault and/or battery. *Id.* at 9–19. That case is still pending.

### Ragland II

According to Ragland, she discharged her counsel in Ragland I and hired attorney Lisa Ross, who filed this lawsuit in federal court. Compl. [1] (filed Feb. 12, 2022). On Ragland's motion, Ross was allowed to withdraw as counsel on September 22, 2022, and on July 17, 2023, attorney Trent Walker made an appearance. Order [23]; Notice [32].

Through Walker, Ragland responded to the City's motion to dismiss, explaining that "[f]or reasons that cannot be discerned, [Ross] filed the present lawsuit instead of seeking to amend the Hinds County lawsuit thereby creating a situation where a second lawsuit pertaining to the same claims and parties came into existence." Resp. [58] at 2. Ragland also said:

> To rectify this situation, counsel for the plaintiff, Trent Walker, is seeking to enter his appearance in the Hinds County lawsuit by substituting his appearance for that of plaintiff's previous counsel who has moved to withdraw. Once the Court allows this substitution, a motion for leave to amend the complaint will be filed which encompasses all the wrongful death and survival act claims that are warranted based upon the facts and circumstances of this case.

Resp. [58] at 2. Ragland ultimately "concedes that this matter was wrongly filed in this court" but seeks dismissal without prejudice. *Id.* at 4.

II.     Analysis

The City moves for dismissal based on the rule against claim splitting. Mot. [51]; *see* Joinder [62] (Defendants McDuffie and Robinson); Joinder [63] (Defendants Smith and Thompson). "A plaintiff is not allowed to split her causes of action[ ] among multiple proceedings, advancing one part of her suit in one court and bringing another part in a later suit." *Pendleton v. State Auto Prop. & Cas. Ins. Co.*, No. 3:17-CV-337-DPJ-FKB, 2017 WL 6561217, at *2 (S.D. Miss. Dec. 21, 2017) (quoting *Hearn v. Bd. of Supervisors of Hinds Cnty.*, No. 3:12-CV-417-CWR-FKB, 2013 WL 1305586, at *2 (S.D. Miss. Mar. 27, 2013), *aff'd*, No. 13-60508 (5th Cir. July 8, 2014)); *see Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit."). "In a claim splitting case, the second suit will be barred if the claim involves the same parties and 'arises out of the same transaction or series of transactions as the first claim.'" *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F.

App'x 256, 265 (4th Cir. 2008) (quoting *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269–70 (11th Cir. 2002)).

As noted, Ragland concedes that this federal suit should be dismissed under this rule. Resp. [58] at 2. But she seeks dismissal without prejudice because "dismissal with prejudice is a drastic sanction which may affect substantial rights of the litigant and is to be used only in extreme situations." *Id.* at 3 (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 348 (5th Cir. 1972)). The City disagrees, noting that its motion to dismiss also asserted failure to state a claim under Rule 12(b)(6) and that because the suit is frivolous, dismissal with prejudice would promote judicial efficiency and conserve judicial resources. Rebuttal [61] at 4. The City offers no supporting authority.

The City did alternatively move for dismissal under Rule 12(b)(6), but it led with the rule against claim splitting. The Court chooses to decide the motion on that unopposed basis because it is the narrowest grounds. And because there has been no adjudication on the merits, the Court finds dismissal without prejudice is appropriate. *See, e.g.*, *Price v. Fugate*, No. A-15-CA-185-LY, 2015 WL 11438690, at *1 (W.D. Tex. Aug. 4, 2015) ("Because there has been no adjudication on the merits of Price's claims, the court rejects the recommendation that Price's claims be dismissed with prejudice, and the court dismisses Price's claims without prejudice.").[2]

IV.   Conclusion

The Court has considered all argument raised by the parties; those not addressed would not have changed the result. For the reasons stated, the City of Jackson's motion to dismiss is granted. This action is dismissed without prejudice.

---

[2] This is a case-specific holding. There may be other claim-splitting cases where dismissal should be with prejudice.

A separate judgment will be entered under Rule 58.

**SO ORDERED AND ADJUDGED** this the 11th day of January, 2024.

s/ *Daniel P. Jordan III*<br>CHIEF UNITED STATES DISTRICT JUDGE